**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

|  |  |
|---|---|
| JERALD DEON CONEY<br>    *Plaintiff*<br><br>v.<br><br>WORKERS UNITED SOUTHWEST<br>REGIONAL JOINT BOARD, et al.<br>    *Defendants* | CIVIL ACTION NO. 4:26-cv-00713-P-BJ |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTIONS TO DISMISS AND FOR A MORE DEFINITE STATEMENT

**TABLE OF CONTENTS**

TABLE OF CONTENTS............................................................................................................i

INDEX OF AUTHORITIES...................................................................................................iii

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ...................................................... 1

II.     ISSUES PRESENTED....................................................................................................... 1

III.    FACTUAL BACKGROUND.............................................................................................. 2

IV.     ARGUMENT AND AUTHORITIES................................................................................... 3

   A.    The Court Must Dismiss the Complaint Because the Plaintiff Has Not Alleged a Breach
   of the Collective Bargaining Agreement by His Employer and His Claim is Time-Barred ...... 3

      1.    Legal Standards for Motions to Dismiss Under Rule 12(b)(1)..................................... 3

      2.    A Plaintiff Alleging a DFR Breach Must Also Sue the Employer ................................ 4

      3.    Statute of Limitations for DFR claim ................................................................ 5

   B.    The Court Must Dismiss the Claims Against Defendants Workers United, Hervey and
   Fox Due to Insufficient Service .................................................................................. 6

      1.    Insufficient Service Under Rules 12(b)(4) and 12(b)(5)............................................ 7

      2.    Service on an Association or on an Individual ...................................................... 7

      3.    The Plaintiff Has Not Served Workers United, Jean Hervey or Lynne Fox................... 9

   C.    The Court Must Dismiss the Complaint Because the Plaintiff Has Failed to Plead any
   Plausible Claims Against any Defendant........................................................................ 10

      1.    Rule 12(b)(6) Pleading Standards..................................................................... 10

      2.    Liberal Construction in Favor of *Pro Se* Litigants................................................. 11

      3.    Pleading Requirements for Title VII Claims ...................................................... 12

      4.    Pleading Requirements for ADA Claims............................................................ 12

      5.    Pleading Requirements for an ADEA Claim ...................................................... 13

      6.    Pleading Requirements for Claims Under 42 U.S.C. § 1981..................................... 13

      7.    Pleading Requirements for Duty of Fair Representation Claims................................ 14

8. Claims Against Workers United, Jean Hervey and Lynne Fox ................................... 15

9. Other Claims ................................................................................................................. 15

D. The Court Must Dismiss the Claims Against Defendants Hervey and Fox Because None of Plaintiff's Causes of Action Impose Individual Liability....................................................... 16

1. Individual Liability Under Title VII, ADA, ADEA, Section 1981 and Labor Statutes 16

E. At a Minimum, the Court Should Order the Plaintiff to Replead to Make a More Definite Statement ................................................................................................................................ 18

1. Under Rule 12(e), A Plaintiff Can be Made to Make a More Definite Statement if the Complaint is So Vague and Ambiguous that a Defendant Cannot Frame a Response......... 18

V. CONCLUSION................................................................................................................ 18

CERTIFICATE OF CONFERENCE............................................................................................. 19

CERTIFICATE OF SERVICE ...................................................................................................... 20

Case 4:26-cv-00713-P-BJ     Document 20     Filed 08/06/26     Page 4 of 28     PageID 70

# INDEX OF AUTHORITIES

**Cases**

*Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376 (5th Cir. 2003) ...................................................... 16

*Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882 (8th Cir. 1996) ................................ 7

*Ancrum v. Lyft, Inc.*, 722 F. Supp. 3d 642 (N.D. Tex. 2024) ......................................................... 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................................... 11

*Atksinon v. Sinclair Refining Co.*, 370 U.S. 238 (1962) .............................................................. 17

*Ayanbadejo v. Chertoff*, 462 F. Supp. 2d 736 (S.D. Tex. 2006), *rev'd in part*, 517 F.3d 273 (5th Cir. 2008). .......................................................................................................................... 3

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1988) ................................................ 10

*Barrett v. Ebasco Constructors, Inc.*, 868 F.2d 170 (5th Cir. 1989) ............................................. 5

*Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161 (5th Cir. 1999) ............................................... 18

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................................. 11

*Bellows v. Amoco Oil Co.*, 118 F.3d 268 (5th Cir. 1997) ............................................................. 14

*Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381 (5th Cir. 2017) .................. 13, 14

*Boyd v. AT&T Mobility Servs. LLC*, No. 3:23-CV-2882-D-BK, 2024 WL 6049074 (N.D. Tex. Mar. 4, 2024), report and recommendation adopted, No. 3:23-CV-2882-D, 2024 WL 6049073 (N.D. Tex. Mar. 26, 2024) ...................................................................................................... 16

*Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489 (5th Cir. 2021) ........................................................ 11

*Campbell v. City of San Antonio*, 43 F.3d 973 (5th Cir.1995) ..................................................... 10

*Carlucci v. Chapa*, 884 F.3d 534 (5th Cir. 2018) ........................................................................ 11

*Carter v. Target Corp.*, 541 F. App'x 413 (5th Cir. 2013) ............................................................. 5

*Carter v. Transp. Workers Union of Am. Local 556*, 353 F. Supp. 3d 556 (N.D. Tex. 2019) ...... 14

*Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558 (1990) ......................... 4

*Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467 (5th Cir. 2016) .................................................. 11

*Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762 (5th Cir. 2019) ........................................ 11

iii

*Conley v. Gibson*, 355 U.S. 41 (1957) ................................................................................. 10

*Decker v. Dunbar*, 633 F. Supp. 2d 317 (E.D. Tex. 2008), *aff'd* 358 F. Appx. 509, 2009 WL 5095139 (5th Cir. 2009), *cert. denied*, 562 U.S. 848 (2010) .................................................. 16

*DelCostello v. Teamsters*, 462 U.S. 151 (1983) ........................................................... 4, 5

*Felton v. Polles*, 315 F.3d 470 (5th Cir. 2002) ................................................................ 17

*Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993)........................................ 10

*Foley v. Univ. of Houston Sys.*, 355 F.3d 333 (5th Cir. 2003)........................................................ 17

*Gerhardt v. Air Transp. Loc. 557*, No. CIV.A. H-09-3314, 2011 WL 666500 (S.D. Tex. Feb. 14, 2011) ........................................................................................................................ 5

*Green v. State Bar of Tex.*, 27 F.3d 1083 (5th Cir. 1994)................................................................ 14

*Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992)........................................................ 10

*Hamilton v. DeJoy*, No. 1:23-CV-01045, 2024 WL 3540474 (W.D. Tex. July 16, 2024), *aff'd*, No. 24-50597, 2025 WL 25693 (5th Cir. Jan. 3, 2025) (unpublished)..................................... 17

*Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374 (5th Cir. 2010) .............................................. 11

*Jaubert v. Ohmstede, Ltd.*, 574 F. App'x 498 (5th Cir. 2014) ........................................................ 15

*Jones v. Robinson Prop. Grp. L.P.*, 427 F.3d 987 (5th Cir. 2005) ................................................ 14

*Kanida v. Gulf Coast Med. Personnel LP*, 363 F.3d 568 (5th Cir.2004) ..................................... 12

*Krim v. pcOrder.com, Inc.*, 402 F.3d 489 (5th Cir.2005) ............................................................... 3

*Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921 (5th Cir. 1988).......................... 10

*Martin v. Transp. Workers Union of Am., Loc. 556*, 206 F. Supp. 3d 1227 (N.D. Tex. 2016), *aff'd sub nom. Martin v. Loc. 556, Transp. Workers Union of Am.*, 708 F. App'x 171 (5th Cir. 2017) ..................................................................................................................... 15

*Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765 (5th Cir. 1999)........................................................................................................ 6, 17

*McCoy v. City of Shreveport*, 492 F.3d 551 (5th Cir. 2007)......................................................... 12

*McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902 (5th Cir.1995)....................................................... 7

*Medina v. Ramsey Steel Co.*, 238 F.3d 674 (5th Cir. 2001)......................................................... 16

*Miranda v. Nat'l Postal Mail*, 219 Fed. Appx. 340 (5th Cir. 2007). ............................................. 5

iv

*Murray v. Amoco Oil Co.*, 539 F.2d 1385 (5th Cir. 1976)............................................................. 10

*Raj v. Louisiana State Univ.*, 714 F.3d 322 (5th Cir. 2013) ..................................................... 11, 12

*Ramming v. U.S.*, 281 F.3d 158 (5th Cir. 2001) ........................................................................... 3

*Richardson v. United Steelworkers of Am.*, 864 F.2d 1162 (5th Cir. 1989) .................................. 5

*Rodriguez v. City of Houston*, No. H-06-2650, 2006 WL 3099634 (S.D. Tex. Oct. 30, 2006).... 18

*Saunders v. Hous. Foam Plastics*, No. SA-23-CV-00156-XR, 2023 WL 3313118 (W.D. Tex. May 5, 2023)................................................................................................................................ 13

*Simmons v. Loc. 565 Air Transp. Div. Transp. Workers Union of Am. AFL-CIO*, No. 3:09-CV-1181-B, 2010 WL 4314074 (N.D. Tex. Oct. 25, 2010).................................................................. 5

*Simms v. Local 1752, Int'l Longshoremen's Ass'n*, 838 F. 3d 613 (5th Cir. 2016)....................... 15

*Smith v. Amedisys Inc.*, 298 F.3d 434 (5th Cir. 2002) .................................................................. 16

*Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886 (N.D. Tex. May 23, 2013) .............................................................................................................................................. 12

*Smith v. Int'l Org. of Masters, Mates & Pilots*, 296 F.3d 380 (5th Cir. 2002) .............................. 5

*Spears v. Jefferson Parish Sch. Bd.*, No. 13-6266, 2014 WL 2730407 (E.D. La. June 17, 2014) . 5

*Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863 (5th Cir. 2000) .......................................... 6, 17

*Thomas v. Grundfos, CBS*, No. 4:18-CV-0557, 2019 WL 7838172 (S.D. Tex. Sept. 20, 2019), report and recommendation adopted, No. CV H-18-557, 2020 WL 553665 (S.D. Tex. Feb. 4, 2020), aff'd No. 20-20505, 2021 WL 4693055 (5th Cir. Oct. 7, 2021) .................................. 17

*Thompson v. Microsoft Corp.*, 2 F.4th 460 (5th Cir. 2021) ........................................................... 13

*Tucker v. Waffle House, Inc.*, No. 12-2446, 2013 WL 1588067 (E.D. La. Apr. 11, 2013)............ 5

*United States v. Woods*, 870 F.2d 285 (5th Cir. 1989) (per curiam) ........................................... 12

*Vaca v. Sipes*, 386 U.S. 171 (1967) ............................................................................................. 15

*Washington v. Nat'l Postal Mail Handlers Union Local 311*, No. 4:11-CV-098-A, 2012 WL 646354 (N.D. Tex. Feb. 28, 2012)................................................................................................ 17

*White v. Anchor Motor Freight, Inc.*, 899 F.2d 555 (6th Cir. 1990) .............................................. 4

*Williams v. Cytec Indus., Inc.*, No. Civ.A. 04-761, 2005 WL 94858 (E.D. La. Jan. 14, 2005)...... 4

*Williams v. United Credit Plan of Chalmette, Inc.*, 526 F.2d 713 (5th Cir. 1976) ....................... 18

*Young v. Teamsters 767*, No. 3:23-cv-1690-S-BN, 2024 WL 2334623 (N.D. Tex. Apr. 23, 2024) ........................................................................................................................... 11, 12, 13

**Statutes**

42 U.S.C. § 1981 ................................................................................................................ passim

Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ........................... passim

Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. .................................... passim

Fair Labor Standards Act of 1938, 29 U.S.C. § 203 ..................................................................... 2, 16

Family and Medical Leave Act, 29 U.S.C. §§ 2601–2654 ........................................................... 2, 16

Labor Management Relations Act of 1947, 29 U.S.C. § 141 ............................................... 5, 15, 17

Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 401, et seq. ............. 2, 15

National Labor Relations Act, 29 U.S.C. §§ 151-169 ............................................................... 2, 15

SSID Title XVI ................................................................................................................................ 16

TEX. BUS. ORGS. CODE § 252.013 ................................................................................................. 8

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. .................................. passim

Title XVI—Supplemental Security Income for the Aged, Blind and Disabled, 42 U.S.C. §§ 1381–1383f ...................................................................................................................... 2

**Rules**

Fed. R. Civ. P. 12(b)(1) ......................................................................................................... 1, 3, 5, 6

Fed. R. Civ. P. 12(b)(4) ................................................................................................................ 1, 3, 7

Fed. R. Civ. P. 12(b)(5) ................................................................................................................ 1, 3, 7

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 1, 3, 5, 10

Fed. R. Civ. P. 12(e) ................................................................................................................ 1, 3, 18

Fed. R. of Civ. P. 4(e)(1) ................................................................................................................ 7, 8

Fed. R. of Civ. P. 4(h) ..................................................................................................................... 8

Tex. R. Civ. P. 106 ........................................................................................................................... 9

**Treatises**

WRIGHT & MILLER ET AL., FEDERAL PRACTICE & PROCEDURE, CIVIL (4th ed.) ............................. 7

COME NOW Defendants Southwest Regional Joint Board, Jean Harvey, Workers United and Lynne Fox and respectfully file these Motions to Dismiss pursuant to Rules 12(b)(1), 12(b)(4), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure and for a More Definite Statement pursuant to Rule 12(e) and would show as follows.

## I.     INTRODUCTION AND SUMMARY OF ARGUMENT

The Plaintiff, an employee formerly represented by the Southwest Regional Joint Board, a labor union, sues the Union and one of its representatives, alleging discrimination and a failure of the Union's duty of fair representation ("DFR"). The Plaintiff also sues the international union and one of its representatives. The Court should dismiss the claims because the Plaintiff has failed to join his former employer in this litigation or to allege that the employer breached its collective bargaining agreement with the Union. Additionally, the Plaintiff filed this claim after the six-month limitations period expired. Furthermore, the claims against Defendants Workers United, Jean Hervey and Lynn Fox must be dismissed because the Plaintiff has not properly served these defendants. Moreover, the Plaintiff has failed to plead plausible facts to state claims against any defendant. Additionally, the causes of action the Plaintiff asserts do not give rise to individual liability, so the claims against Hervey and Fox must be dismissed. Deference to *pro se* litigants does not save the fatal flaws in the Plaintiff's complaint. Because some of the failures cannot be remedied by repleading, the dismissal must be with prejudice. In the alternative, the Court should order the Plaintiff to amend the complaint to make a more definite statement of any surviving claims so the Defendants may formulate an appropriate response.

## II.     ISSUES PRESENTED

The motions present the following issues:

- Should the DFR claims be dismissed where the Plaintiff did not sue his former

1

employer and did not allege that the employer breached the collective bargaining agreement with the Union?

- Should the DFR claims be dismissed where the Plaintiff did not file suit prior to the expiration of the six-month limitations period?

- Should all claims against Defendants Jean Hervey, Workers United and Lynne Fox be dismissed where service has not been effectuated on them?

- Should all claims against all Defendants be dismissed where the Plaintiff has not alleged sufficient facts to plead plausible causes of action and where he has made no allegations against Workers United or Lynn Fox?

- Should the claims against Hervey and Fox be dismissed where the causes of action that the Plaintiff asserts do not give rise to individual liability?

- Should the Plaintiff be ordered to amend his complaint to make a more definite statement of the claims against the Defendants?

### III.   FACTUAL BACKGROUND

Plaintiff Jerald Deon Coney (hereinafter "Plaintiff" or "Coney") brings claims against Defendants Southwest Regional Joint Board and Workers United.[1] Coney sues under Title VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act, 42 U.S.C. § 1981, the Labor Management Reporting and Disclosure Act and the National Labor Relations Act. Complt. at 3.[2] The Plaintiff alleges that "the President of the Workers United Union . . . Ms.

---

[1] It is unclear whether the Plaintiff brings claims against Jean Hervey (identified as "Jene") and Lynne Fox or merely identifies them as representatives of the organizational defendants. See Complt. at 2.

[2] The Plaintiff also mentions breach of contract, other contract, contract product liability, franchise, assault, libel & slander, other personal injury, personal injury, medical malpractice, personal injury, product liability, other civil rights, employment, ADA/employment, ADA/other, FLSA, Labor/Management relations, FMLA, other labor litigation and SSID Title XVI. Complt. at 3 & 6.

Jene [*sic*] Hervey" failed him on several occasions, including by failing to respond to an email he sent her on April 15, 2025, regarding a write-up he received. *Id*. at 2. He alleges that the Union and TJX, Plaintiff's employer, "made [him] an offer of 10,000." *Id*. He alleges collusion between "the Union" and his employer in terminating his employment while he was on approved medical leave. *Id*.

## IV.    ARGUMENT AND AUTHORITIES

This section lays out the legal standards governing motions to dismiss pursuant to Rules 12(b)(1), 12(b)(4), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. This section also explains the standards for Motions for a More Definite Statement under Rule 12(e). After laying out the applicable legal standards, this section applies those standards to the facts before the Court.

**A.    The Court Must Dismiss the Complaint Because the Plaintiff Has Not Alleged a Breach of the Collective Bargaining Agreement by His Employer and His Claim is Time-Barred**

The Court must have subject-matter jurisdiction over a claim. A defendant may challenge a court's jurisdiction by filing a motion to dismiss under Rule 12(b)(1). This section explains the standard for such motions, as well as the requirements for invoking the Court's jurisdiction on a claim alleging a breach of a union's duty of fair representation.

**1.    Legal Standards for Motions to Dismiss Under Rule 12(b)(1)**

A court must dismiss a claim when the court does not have jurisdiction over the claim. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Ayanbadejo v. Chertoff*, 462 F. Supp. 2d 736, 740 (S.D. Tex. 2006) (citing *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir.2005)), *rev'd in part*, 517 F.3d 273 (5th Cir. 2008). The plaintiff, as the party asserting jurisdiction, bears the burden to overcome a motion to dismiss under Rule 12(b)(1). *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).

2.    <u>A Plaintiff Alleging a DFR Breach Must Also Sue the Employer</u>

Where a union member alleges that he was unlawfully discharged by his employer and that his union breached the duty of fair representation, the employee must demonstrate that the employer violated a collective bargaining agreement in discharging the employee in order to succeed in a claim against the employer, the union or both. "Whether the employee sues both the labor union and the employer or only one of those entities, he must prove the same two facts to recover money damages: that the employer's action violated the terms of the collective-bargaining agreement and that the union breached its duty of fair representation." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) (*citing DelCostello v. Teamsters*, 462 U.S. 151, 164-165 (1983)). *See also Williams v. Cytec Indus., Inc.*, No. Civ.A. 04-761, 2005 WL 94858, at *10-*11 (E.D. La. Jan. 14, 2005) (stating that employee must prove breach of collective bargaining agreement and of duty of fair representation). In a "hybrid claim" alleging that the employer's discharge of the employee violated a collective bargaining agreement and that the union breached its duty of fair representation, "the two constituent claims . . . are interdependent; if the first claim anchored in the employer's alleged breach of the collective bargaining agreement fails, then the breach of duty of fair representation claim against the union must necessarily fail with it." *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559 (6th Cir. 1990) (affirming directed verdict against employee alleging breach of duty of fair representation).

Here, the Plaintiff has neither sued his employer nor alleged the employer breached the CBA. While the civil cover sheet accompanying the Plaintiff's complaint lists case no. 4:26-cv-00318-O-BP as a related matter, the complaint in that case alleges violations of 42 U.S.C. § 1981 and Title VII. Exhibit 1 at 3.[3] The Plaintiff's complaint references the CBA but alleges that his

---

[3] Where a document is explicitly referenced in the plaintiff's complaint and "central" to the plaintiff's claim, the Court may consider exhibits not attached to the complaint but filed with the 12(b)(6) motion. *Spears v. Jefferson Parish Sch.*

"first progressive write-up was before the Brand New Cba contract was legalized. (Contract fraud)." *Id*. at 4. Thus, this allegation is that the employer's discipline of him predated the CBA. This is not an allegation that the employer breached the CBA, which, under his theory, did not exist at the time of the writeup.

Because the Plaintiff has not joined the employer in this litigation and does not allege that his employer violated the CBA, the Plaintiff has not invoked the Court's jurisdiction, and the Court must dismiss his complaint pursuant to Rule 12(b)(1).

   3. Statute of Limitations for DFR claim

The statute of limitations for asserting a claim of breach of duty of fair representation under the LMRA expires six months after the alleged breach. *DelCostello*, 462 U.S. at 169-72 (applying LMRA's six-month statute of limitations for unfair labor practice claims in a duty of fair representation case); *Miranda v. Nat'l Postal Mail*, 219 Fed. Appx. 340, 345 (5th Cir. 2007).; *Smith v. Int'l Org. of Masters, Mates & Pilots*, 296 F.3d 380, 382-83 (5th Cir. 2002); *Barrett*, 868 F.2d at 171; *Richardson v. United Steelworkers of Am.*, 864 F.2d 1162, 1167 (5th Cir. 1989). "A cause of action under a duty of fair representation claim accrues when the union member knew or reasonably should have known that the breach occurred." *Gerhardt v. Air Transp. Loc. 557*, No. CIV.A. H-09-3314, 2011 WL 666500, at *3 (S.D. Tex. Feb. 14, 2011) (citing *Simmons v. Loc. 565 Air Transp. Div. Transp. Workers Union of Am. AFL-CIO*, No. 3:09-CV-1181-B, 2010 WL 4314074 at *3 (N.D. Tex. Oct. 25, 2010) and *Barrett v. Ebasco Constructors, Inc.*, 868 F.2d 170, 171 (5th Cir.1989)).

While it is not clear from the Plaintiff's complaint when any theoretical claims accrued,

---

*Bd*., No. 13-6266, 2014 WL 2730407 at *5 (E.D. La. June 17, 2014) (quoting *Carter v. Target Corp*., 541 F. App'x 413, 416-17 (5th Cir. 2013)); *Tucker v. Waffle House, Inc*., No. 12-2446, 2013 WL 1588067 at *5 (E.D. La. Apr. 11, 2013). Additionally, in considering a 12(b)(6) motion, the Court may take judicial notice of public records whose authenticity is not disputed. *Spears*, 2014 WL 2730407 at *5; *Tucker*, 2013 WL 1588067 at *6.

the complaint alleges the following events: he received a write-up on June 26, 2024, he suffered an outbreak of shingles in November 2024, he contacted his union on April 15, 2025, and he suffered nerve damage in August 2025. Complt at 4. The only events that could even theoretically give rise to claims against the Defendants would be the June 2024 discipline and his April 2025 attempts to communicate with the Union (assuming they went unanswered, which he does not allege). Thus, he would have had to assert claims based on those events no later than December 2024 and October 2025, respectively. Even assuming any claims accrued as late as August 2025, the statute of limitations for asserting them was February 2026.

The Plaintiff filed this lawsuit on June 11, 2026. Complt. at 1. Because the Plaintiff filed the complaint between four and eighteen months after the six-month statute of limitations period, his duty of fair representation claims are time-barred and must be dismissed pursuant to Rule 12(b)(1) because the Court has no jurisdiction over them.[4] Because repleading would not allow the Plaintiff to overcome this flaw, the Court should dismiss his duty of fair representation with prejudice. *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999) (A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile); *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000) ("futility" means the amended complaint would fail to state a claim upon which relief could be granted) (collecting cases).

### B. The Court Must Dismiss the Claims Against Defendants Workers United, Hervey and Fox Due to Insufficient Service[5]

Another requirement for the exercise of a court's jurisdiction over defendants is proper

---

[4] Even if an alleged breach premised on the Union's failure to respond to his April 2025 email did not accrue immediately, the Plaintiff waited nearly fourteen months to assert the claim.

[5] Defective service on Defendants Workers United, Jean Hervey and Lynne Fox excuses them from having to file an answer, as the Plaintiff has not invoked the Court's jurisdiction over them. However, they also the accompanying

service. This section lays out the legal requirements for effectuating service on organizational and

individual defendants and argues why the Plaintiff has not met such requirements as to Defendants

Workers United, Hervey and Fox.

        1.      Insufficient Service Under Rules 12(b)(4) and 12(b)(5)

A court cannot exercise jurisdiction over a defendant who was not properly served.

*McGuire v. Sigma Coatings, Inc*., 48 F.3d 902, 907 (5th Cir.1995). To challenge the form of the

summons, a defendant should file a motion to dismiss for insufficient process under Rule 12(b)(4).

WRIGHT & MILLER ET AL., FEDERAL PRACTICE & PROCEDURE, CIVIL § 1353 at nn.4–6. (4th ed.).

To challenge the method of service attempted by the plaintiff, the defendant should file a motion

to dismiss for insufficient service under Rule 12(b)(5). *Id*. at nn.5–6. Because of confusion between

the two insufficiencies, it is appropriate to present service issues under both Rule 12(b)(4) and

12(b)(5). *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 884 n.2 (8th Cir. 1996).

        2.      Service on an Association or on an Individual

The Federal Rules specify the procedures for effecting service on an entity:

**Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1)  in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant

. . .

---

Motions to Dismiss (briefed herein) out of an abundance of caution.

7

Fed. R. Civ. P. 4(h).. In turn, Rule 4(e)(1), referenced above, states:

> **Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1)  following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2)  doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Texas law specifies the manner of service of process upon an unincorporated nonprofit association:

> SUMMONS AND COMPLAINT; SERVICE. (a)  In an action or proceeding against a nonprofit association, a summons and complaint must be served on an agent authorized by appointment to receive service of process, an officer, a managing or general agent, or a person authorized to participate in the management of its affairs, in accordance with the Civil Practice and Remedies Code.

TEX. BUS. ORGS. CODE § 252.013.

Texas law also states the manner of service of process upon an individual:

> (a)  Unless the citation or court order otherwise directs, the citation must be served by:
>
> (1)  delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
>
> (2)  mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.
>
> . . .

8

Tex. R. Civ. P. 106.

        3.      <u>The Plaintiff Has Not Served Workers United, Jean Hervey or Lynne Fox</u>

The documents filed with the Court fail to show that the Plaintiff has effectuated service on Jean Hervey or on Lynne Fox via personal service, certified mail, at their usual place of abode with a resident of suitable age or via an agent. See Docket Entries 9 at 1 (alleging service on Southwest Regional Joint Board via "Gierdina Francis Comptroller"); 9-1 at 1 (alleging service on Workers United SEIU Building Manager (Male, 55 Years Old, Caucasian, 5ft. 11in., Grey Hair, 200lbs.) who did not provide his name at 1800 Massachusetts Avenue Northwest, Washington, DC 20036); 13 at 1 (alleging service on "Anne Marie Zarendsd" at 22 South 22nd Street, Philadelphia, PA 19103); 14 at 1 (alleging "substitute service" on "Anne Marie Zarendsd" at 22 South 22nd Street, Philadelphia, PA 19103).

None of the certificates of service on file evidences that Defendants Jean Hervey or Lynne Fox have been served in one of the manners authorized by federal or state rule or statute. While one of the service documents alleges substituted service, such form of service requires strict compliance with Texas' substituted service rule, which has not been demonstrated here. *Ancrum v. Lyft, Inc.*, 722 F. Supp. 3d 642, 644 (N.D. Tex. 2024). Because the Plaintiff has not accomplished service on Defendants Hervey and Fox, the claims against them must be dismissed.

Likewise, the certificates of service do not show service on Defendant Workers United. The Plaintiff's complaint names Workers United as a defendant, and lists its address as 22 South 22nd Street, in Philadelphia, PA. Complt. at 2. However, certificates of service allege service on (1) "Giedrina Francis," (2) at an address in Washington DC, and (3) on "Anne Marie Zarendsd" (Docket entries 9, 9-1, 13 and 14). None of these allege service on an authorized agent or officer of Workers United and the claims against it, too, must be dismissed.

### C.    The Court Must Dismiss the Complaint Because the Plaintiff Has Failed to Plead any Plausible Claims Against any Defendant

In addition to other requirements to invoke the Court's jurisdiction, the Plaintiff is required to state a valid claim for which relief can be granted. A defendant may challenge a plaintiff's failure to do so via a Rule 12(b)(6) motion. This section sets out the legal standards under Rule 12(b)(6) and demonstrates why the Plaintiff has failed to meet those requirements.

#### 1.    Rule 12(b)(6) Pleading Standards

The purpose of a Rule 12(b)(6) motion is to test the formal sufficiency of the statement of the claim for relief. See *Murray v. Amoco Oil Co.*, 539 F.2d 1385, 1387 (5th Cir. 1976). The Rule 12(b)(6) motion only tests whether the claim has been adequately stated in the complaint. Thus, on a motion under Rule 12(b)(6), the Court's inquiry is limited to the content of the claim. *See Mahone v. Addicks Util. Dist. of Harris Cnty.*, 836 F.2d 921, 935 (5th Cir. 1988). On a Rule 12(b)(6) motion, the court must decide whether the facts alleged, if true, would entitle the plaintiff to some legal remedy. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal is proper if there is either: (1) "the lack of a cognizable legal theory" or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief, and the Court is not required to conjure up unpled allegations. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995).

Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions,

10

and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id*. The "plausibility" standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotation marks and citation omitted). To meet this pleading standard, a complaint must state more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," and the court is not "bound to accept as true a legal conclusion couched as factual allegation." *Id*.

"To plausibly allege – and ultimately prove – claims under Title VII, the ADEA, and the ADA, [a plaintiff] must rely on direct evidence and/or proceed under a burden-shifting analysis." *Young v. Teamsters 767*, No. 3:23-cv-1690-S-BN, 2024 WL 2334623 at *3 (N.D. Tex. Apr. 23, 2024) (citing *Jackson v. Cal-W. Packaging Corp*., 602 F.3d 374, 377 (5th Cir. 2010)). Although a plaintiff need not establish a prima facie case at the pleading stage, the plaintiff must "plead sufficient facts on all of the ultimate elements of his claim to make his case plausible." *Id*. (citing *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) and *Raj v. Louisiana State Univ*., 714 F.3d 322, 331 (5th Cir. 2013), and quoting *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)).

### 2.    Liberal Construction in Favor of *Pro Se* Litigants

"Pro se complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*,

11

870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not require that the Court . . . create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

### 3.      Pleading Requirements for Title VII Claims

The prima facie elements of a Title VII discrimination claim are that a plaintiff

(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*Young*, 2024 WL 2334623 at *4 (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007)). "[T]he 'ultimate question' in a Title VII disparate treatment claim remains 'whether a defendant took the adverse employment action against a plaintiff because of her protected status.'" *Raj*, 714 F.3d at 331 (quoting *Kanida v. Gulf Coast Med. Personnel LP*, 363 F.3d 568, 576 (5th Cir.2004)).

The Plaintiff fails to allege that he is the member of a protected group, that he was replaced by someone outside his protected group, or that he was treated less favorably than other similarly situated employees outside the protected group. Even if he had pleaded those allegations, the Plaintiff has not alleged that the Defendants took action against him *because* of his protected status. Therefore, the Plaintiff's Title VII claims must be dismissed.

### 4.      Pleading Requirements for ADA Claims

Courts in the Fifth Circuit explain the elements and pleading requirements of ADA claims as follows:

[T]o plead a plausible claim of ADA discrimination, a plaintiff must provide facts to support "(1) that he has a disability; (2) that he was qualified for the job; and (3) that he was subject to an adverse employment decision on account of his disability."

*Young*, 2024 WL 2334623 at *4 (quoting *Thompson v. Microsoft Corp.*, 2 F.4th 460, 470 (5th Cir.

12

2021)).

The Plaintiff has neither alleged that he has a disability, nor that the Defendants' actions were on account of his disability. Thus, the Plaintiff has failed to plead facts plausibly alleging a claim under the ADA.

### 5. Pleading Requirements for an ADEA Claim

The elements and pleading requirements for an ADEA claim are also well-established:

> As to a claim of age discrimination, "[t]he prima facie elements of a cause of action for violation of the ADEA are, the plaintiff: 1) is within the protected class; 2) is qualified for the position; 3) suffered an adverse employment decision; and 4) was replaced by someone younger or treated less favorably than similarly situated younger employees.

*Young*, 2024 WL 2334623 at *4 (quoting *Saunders v. Hous. Foam Plastics*, No. SA-23-CV-00156-XR, 2023 WL 3313118, at *5 (W.D. Tex. May 5, 2023)).

Coney has not alleged he is within the class protected by the ADEA nor that Defendants treated him less favorably than similarly situated younger employees. The Plaintiff has not pleaded a plausible ADEA claim.

### 6. Pleading Requirements for Claims Under 42 U.S.C. § 1981

Finally, the elements and pleading requirements of a claim under 42 U.S.C. § 1981 are also well established.

"Section 1981 provides that '[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts.'" *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (quoting 42 U.S.C. § 1981(a)). "'Make and enforce contracts' is defined as 'the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'" *Id.* (quoting 42 U.S.C. § 1981(b)). "To establish a § 1981 claim for contractual discrimination, Plaintiffs must allege that (1) they are members of a racial minority;

13

(2) Defendants intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute . . . ." *Id.* (citing *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997); *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994)). "The analysis of discrimination claims under § 1981 is identical to the analysis of Title VII claims." *Id.* (citing *Jones v. Robinson Prop. Grp. L.P.*, 427 F.3d 987, 992 (5th Cir. 2005)).

As is the case with his Title VII claim, the Plaintiff has not alleged his membership in a racial minority or that Defendants intended to discriminate against him on the basis of race. The Plaintiff's complaint does not make a plausible claim under 42 U.S.C. § 1981.

> 7.      Pleading Requirements for Duty of Fair Representation Claims

This Court has also defined what Duty of Fair Representation claims require:

> "[I]n order to state a claim for breach of duty of fair representation, a complainant must allege enough facts that if presumed true, permit the inference that the complainant's exclusive bargaining agent acted arbitrarily, discriminatorily, or in bad faith in its representation of the complainant." . . .

> Under the arbitrary prong, a union's actions breach the duty of fair representation "only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." . . . The Fifth Circuit has conceded that the arbitrariness standard is difficult to define, but has stated that, to be non-arbitrary, a decision must be: "(1) based upon relevant, permissible union factors which excludes the possibility of it being based upon motivations such as personal animosity or political favoritism; (2) a rational result of the consideration of those factors; and (3) inclusive of a fair and impartial consideration of the interests of all employees." . . .

> A union also must treat its members similarly. . . . The kind of discriminatory action proscribed by the second prong is discriminatory action that is "invidious." . . .

> As to the final prong, bad faith occurs when a union acts with a "motive to harm" a particular group, and turns on the subjective motivation of the union officials. . . . Bad faith is a "demanding standard" met only by "sufficiently egregious" union action. . . . Bad faith conduct has also been described by the Fifth Circuit as "the absence of honest purpose and judgment or the presence of hostility or discrimination" by the union.

*Carter v. Transp. Workers Union of Am. Local 556*, 353 F. Supp. 3d 556, 578–79 (N.D. Tex. 2019)

14

(citations omitted). While the Plaintiff cites to the NLRA, LMRA and LMRDA to support his fair-representation claims, the standard for all three claims is the same. *See Vaca v. Sipes*, 386 U.S. 171 (1967) (establishing the test under the NLRA); *Simms v. Local 1752, Int'l Longshoremen's Ass'n*, 838 F. 3d 613 (5th Cir. 2016) (applying the test under the NLRA); *Jaubert v. Ohmstede, Ltd.*, 574 F. App'x 498 (5th Cir. 2014) (applying the test under the LMRA); *Martin v. Transp. Workers Union of Am., Loc. 556*, 206 F. Supp. 3d 1227 (N.D. Tex. 2016), *aff'd sub nom. Martin v. Loc. 556, Transp. Workers Union of Am*., 708 F. App'x 171 (5th Cir. 2017) (applying the test under the LMRDA).[6]

Even if the Plaintiff's DFR claims were not doomed due to his failure to sue his employer, allege that it breached the CBA and meet the limitations period, he has also failed to meet the pleading requirements of such a claim. He has pled nothing but bare allegations and has not done enough to permit an inference that the Union acted arbitrarily, discriminatorily or in bad faith. Because his DFR claim is not plausible, it must be dismissed.

8.    Claims Against Workers United, Jean Hervey and Lynne Fox

All Plaintiff's claims against Defendants Workers United and Lynne Fox must also be dismissed. The Plaintiff's complaint only alleges that he was a member of the Southwest Regional Joint Board. He does not allege that he was a member of Workers United, and he does not make any allegations against Workers United or Fox. Thus, the Plaintiff has failed to make plausible claims against these defendants, and his claims against them must be dismissed.

9.    Other Claims

To the extent that the Plaintiff asserts any additional claims checked on his civil cover sheet

---

[6] It is unclear whether the Plaintiff asserts a DFR claim under 42 U.S.C. § 1981. See Complt. at 3. Such a claim does not appear to exist. See section IV.C.6 for the elements of a § 1981 claim.

(breach of contract, other contract, contract product liability, franchise, assault, libel & slander, other personal injury, personal injury, medical malpractice, personal injury, product liability, other civil rights, employment, ADA/employment, ADA/other, FLSA, Labor/Management relations, FMLA, other labor litigation and SSID Title XVI), those claims must also be dismissed, as Plaintiff does not plead any facts supporting such claims. Complt. at 3 & 6. The Plaintiff has failed to make plausible claims, and those claims fail the 12(b)(6) standards.

**D.    The Court Must Dismiss the Claims Against Defendants Hervey and Fox Because None of Plaintiff's Causes of Action Impose Individual Liability**

This section explains that individual liability is unavailable for any of the causes of action that the Plaintiff asserts and argues that those claims against the individual defendants in this case should be dismissed.

1.    Individual Liability Under Title VII, ADA, ADEA, Section 1981 and Labor Statutes

"Individuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Commc'ns, Inc*., 339 F.3d 376, 382 n.1 (5th Cir. 2003) (quoting *Smith v. Amedisys Inc*., 298 F.3d 434, 448–49 (5th Cir. 2002)).

"[T]here is likewise no individual liability for claims of violations under the ADA." *Decker v. Dunbar*, 633 F. Supp. 2d 317, 357 (E.D. Tex. 2008), *aff'd* 358 F. Appx. 509, 2009 WL 5095139 (5th Cir. 2009), *cert. denied*, 562 U.S. 848 (2010).

"[I]ndividual liability is precluded under the ADEA, as it is under Title VII." *Boyd v. AT&T Mobility Servs. LLC*, No. 3:23-CV-2882-D-BK, 2024 WL 6049074, at *1 (N.D. Tex. Mar. 4, 2024), report and recommendation adopted, No. 3:23-CV-2882-D, 2024 WL 6049073 (N.D. Tex. Mar. 26, 2024) (citing *Ackel* and *Medina v. Ramsey Steel Co*., 238 F.3d 674, 686 (5th Cir. 2001)).

Individual liability under 42 U.S.C. § 1981 "will lie against an individual defendant if that individual is 'essentially the same' as" the organizational defendant. *Foley v. Univ. of Houston*

16

*Sys.*, 355 F.3d 333, 337 (5th Cir. 2003) (quoting *Felton v. Polles*, 315 F.3d 470 (5th Cir. 2002) for the proposition that liability against a government official could attach if the official was "essentially the same" as the governmental entity); *Thomas v. Grundfos, CBS*, No. 4:18-CV-0557, 2019 WL 7838172 at *1 (S.D. Tex. Sept. 20, 2019), report and recommendation adopted, No. CV H-18-557, 2020 WL 553665 (S.D. Tex. Feb. 4, 2020), aff'd No. 20-20505, 2021 WL 4693055 (5th Cir. Oct. 7, 2021) (quoting *Foley* for the proposition that "[t]he Fifth Circuit has held that an individual may be liable under § 1981 if the individual is 'essentially the same' as the employer in exercising authority over the plaintiff.").

"[F]air representations claims must be pleaded against the labor organization, and not an individual representative." *Hamilton v. DeJoy*, No. 1:23-CV-01045, 2024 WL 3540474, at *7 (W.D. Tex. July 16, 2024), *aff'd*, No. 24-50597, 2025 WL 25693 (5th Cir. Jan. 3, 2025) (unpublished). "Under the LMRA, individual union officers and representatives are not personally liable for actions performed in their capacities as union officers, representatives, or members." *Washington v. Nat'l Postal Mail Handlers Union Local 311*, No. 4:11-CV-098-A, 2012 WL 646354, at *9 (N.D. Tex. Feb. 28, 2012) (citing *Atksinon v. Sinclair Refining Co.*, 370 U.S. 238, 245 (1962)).

Because there is no individual liability under Title VII, the ADA, the ADEA, 42 U.S.C. § 1981, and duty of fair representation claims, those claims against individual Defendants Jean Hervey and Lynne Fox must be dismissed. The Plaintiff does not allege (nor could he) that Hervey or Fox are "essentially the same" as the organizational defendants for purposes of his 42 U.S.C. § 1981 claim. Because repleading would not allow the Plaintiff to overcome those obstacles, those claims must be dismissed with prejudice. *Martin's Herend Imports*, 195 F.3d at 771; *Stripling*, 234 F.3d at 872–73.

17

**E.      At a Minimum, the Court Should Order the Plaintiff to Replead to Make a More Definite Statement**

This section explains the standard for motions for more definite statements pursuant to Rule 12(e) and argues why the Plaintiff should be made to replead with more specificity.

1.      Under Rule 12(e), A Plaintiff Can be Made to Make a More Definite Statement if the Complaint is So Vague and Ambiguous that a Defendant Cannot Frame a Response

Where the plaintiff's complaint is so vague or ambiguous or contains insufficient information to permit a defendant to formulate a response, the plaintiff may be made to make a more definite statement under Rule 12(e). *Rodriguez v. City of Houston*, No. H-06-2650, 2006 WL 3099634, at *1 (S.D. Tex. Oct. 30, 2006) (citing Rule 12(e)), *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) and *Williams v. United Credit Plan of Chalmette, Inc.*, 526 F.2d 713, 715 (5th Cir. 1976)).

Here, as argued above, the Plaintiff's complaint fails to plead key allegations required for the causes of action he asserts. At a minimum, that lack of detail and clarity makes it impossible for the Defendants to mount a defense. Should the Court be inclined against dismissing all or part of the Plaintiff's claims, then the Court should order the Plaintiff to amend his complaint to provide more specificity on his claims.

## V.      CONCLUSION

WHEREFORE, the Defendants respectfully request that the Court grant their motions and dismiss the Plaintiff's complaint.

Respectfully submitted,

/s/ Manuel Quinto-Pozos

Manuel Quinto-Pozos
Texas Bar No. 24170459
Deats Durst & Owen PLLC
2901 Bee Caves Rd., Suite L
Austin, TX 78746

18

512-474-6200
512-474-7896 (fax)
mqp@ddollaw.com

James Sanford
Gillespie Sanford LLP
Texas State Bar Number: 24051289
4803 Gaston Ave.
Dallas, Texas 75246
Tel: 214.800.5111
Fax: 214.838.0001
jim@gillespiesanford.com

*Attorneys for Defendants Southwest
Regional Joint Board and Jean Hervey*

Robert E. Bloch
Admitted Pro Hac Vice
Dowd, Bloch, Bennett, Cervone, Auerbach
& Yokich, LLP
Illinois Bar Number: 6187400
8 South Michigan Avenue, 19th Floor
Chicago, IL 60603
Phone  312-372-1361
Fax  312-372-6599
rebloch@laboradvocates.com

James Sanford
Gillespie Sanford LLP
Texas State Bar Number: 24051289
4803 Gaston Ave.
Dallas, Texas 75246
Tel: 214.800.5111
Fax: 214.838.0001
jim@gillespiesanford.com

*Attorneys for Workers United and Lynne
Fox*

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule 7.1, the undersigned certifies that he attempted to confer with the Plaintiff regarding the substance of their 12(e) motion. The Plaintiff stated he does not oppose the motion.

19

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney for the Plaintiff, hereby certify that this document has been electronically served on the following on this 6th day of August, 2026.

Plaintiff Jerald Coney
jerryconey96@gmail.com

/s/ Manuel Quinto-Pozos
Manuel Quinto-Pozos

20