**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JERALD DEON CONEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00318-O-BP** |
| | § | |
| **TJX COMPANIES, INC.,** ***et al.*****,** | § | |
| | § | |
| **Defendants.** | § | |

---

| | | |
|---|---|---|
| **JERALD DEON CONEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00713-P-BJ** |
| | § | |
| **WORKERS UNITED SOUTHWEST, REGIONAL JOINT BOARD,** ***et al.*****,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER**

On June 11, 2026, *pro se* Plaintiff Jerald Deon Coney ("Coney") sued Defendants Workers United Southwest Regional Joint Board, Workers United (SEIU), Lynne Fox, and Jene Hervey in Civil Action No. 4:26-cv-00713-P-BJ (the "Workers United Case"). ECF No. 1, Workers United Case. That case was automatically assigned to the undersigned pursuant to Special Order 3. ECF No. 3, Workers United Case. Prior to filing this action, on March 17, 2026, Coney filed suit involving the same facts against Defendants TJX Companies, Inc. and Homegoods Fort Worth Merchants, LLC in Civil Action No. 4:26-cv-00318-O-BP 1 (the "TJX Case"). ECF No. 1, TJX Case. The case was assigned to United States Magistrate Judge Hal R. Ray pursuant to Special Order 3. ECF No. 2, TJX Case.

Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

> When considering whether consolidation is appropriate, the Court considers the following factors: (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is a risk of prejudice or confusion if the cases are consolidated, and if so, whether the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately.

*Madison v. Health Care Services Corp.*, No. W-20-cv-00835-ADA-DTG, 2022 WL 22877790, at *1 (W.D. Tex. July 14, 2022) (citing in *Tex. Gen. Land Office v. Biden*, No. 6:21-CV-00052, 2021 WL 5588160, at *2 (S.D. Tex. Nov. 29, 2021).

Both of the pending cases concern Coney's employment and subsequent termination from his position at the Homegoods distribution center in Fort Worth. Although both cases were filed in the Fort Worth Division of the Court, they involve different defendants and are currently before different district and magistrate judges. Because it appears that joinder of the two cases for hearing and trial or consolidation may be appropriate under Rule 42(a), Plaintiff and counsel for Defendants **SHALL CONFER** and **FILE** a joint status report on or before October 1, 2026, stating their position regarding joinder, consolidation, or other disposition of the two cases to avoid unnecessary cost and delay.

It is so **ORDERED** on September 17, 2026.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE