**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| JERALD DEON CONEY<br>*Plaintiff*<br><br>v.<br><br>WORKERS UNITED SOUTHWEST REGIONAL JOINT BOARD, et al.<br>*Defendants* | CIVIL ACTION NO. 4:26-cv-00713-P-BJ |

**DEFENDANTS' BRIEF IN SUPPORT OF RENEWED MOTION TO DISMISS**

# TABLE OF CONTENTS

TABLE OF CONTENTS ..... i

INDEX OF AUTHORITIES ..... iii

I. INTRODUCTION AND SUMMARY OF ARGUMENT ..... 1

II. ISSUES PRESENTED ..... 1

III. FACTUAL AND PROCEDURAL BACKGROUND ..... 2

IV. ARGUMENT AND AUTHORITIES ..... 3

A. The Court Must Dismiss the Complaint Because the Plaintiff Has Not Alleged a Breach of the Collective Bargaining Agreement by His Employer and His Claim is Time-Barred ..... 4

1. Legal Standards for Motions to Dismiss Under Rule 12(b)(1) ..... 4

2. A Plaintiff Alleging a DFR Breach Must Sue the Employer for CBA breach ..... 4

3. Statute of Limitations for DFR claim ..... 6

B. The Court Must Dismiss the Claims Against Defendants Workers United, Hervey and Fox Due to Insufficient Service ..... 7

1. Insufficient Service Under Rules 12(b)(4) and 12(b)(5) ..... 7

2. Service on an Association or on an Individual ..... 8

3. The Plaintiff Has Not Served Workers United, Jean Hervey or Lynne Fox ..... 9

C. The Court Must Dismiss the Complaint Because the Plaintiff Has Failed to Plead any Plausible Claims Against any Defendant ..... 10

1. Rule 12(b)(6) Pleading Standards ..... 11

2. Liberal Construction in Favor of *Pro Se* Litigants ..... 12

3. Pleading Requirements for Title VII Claims ..... 13

4. Pleading Requirements for ADA Claims ..... 14

5. Pleading Requirements for an ADEA Claim ..... 15

6. Pleading Requirements for Claims Under 42 U.S.C. § 1981 ..... 15

7. Pleading Requirements for Retaliation Claims ..... 16

8. Pleading Requirements for Duty of Fair Representation Claims................................ 17

9. Intentional or Reckless Infliction of Emotional Distress............................................ 19

10. Claims Against Workers United, Jean Hervey and Lynne Fox .................................. 20

11. Other Claims ......................................................................................................... 21

D. The Court Must Dismiss the Claims Against Defendants Hervey and Fox Because None of Plaintiff's Causes of Action Impose Individual Liability.................................................. 21

1. Individual Liability Under Title VII, ADA, ADEA, Section 1981 and Labor Statutes 22

V. CONCLUSION ............................................................................................................ 23

CERTIFICATE OF SERVICE ............................................................................................ 24

# INDEX OF AUTHORITIES

**Cases**

*Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376 (5th Cir. 2003) .................... 22

*Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882 (8th Cir. 1996) .................... 8

*Alaniz v. Zamora-Quezada*, 591 F.3d 761 (5th Cir. 2009) .................... 14

*Alexander v. Int'l Union of Operating Eng'rs, AFL-CIO*, 624 F.2d 1235 (5th Cir. 1980) .................... 20

*Ancrum v. Lyft, Inc.*, 722 F. Supp. 3d 642 (N.D. Tex. 2024) .................... 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................... 12

*Atksinon v. Sinclair Refining Co.*, 370 U.S. 238 (1962) .................... 23

*Ayanbadejo v. Chertoff*, 462 F. Supp. 2d 736 (S.D. Tex. 2006), *rev'd in part*, 517 F.3d 273 (5th Cir. 2008). .................... 4

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1988) .................... 11

*Barrett v. Ebasco Constructors, Inc.*, 868 F.2d 170 (5th Cir. 1989) .................... 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .................... 11, 12

*Bellows v. Amoco Oil Co.*, 118 F.3d 268 (5th Cir. 1997) .................... 16

*Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381 (5th Cir. 2017) .................... 15, 16

*Boyd v. AT&T Mobility Servs. LLC*, No. 3:23-CV-2882-D-BK, 2024 WL 6049074 (N.D. Tex. Mar. 4, 2024), rep. and rec. adopted, No. 3:23-CV-2882-D, 2024 WL 6049073 (N.D. Tex. Mar. 26, 2024) .................... 22

*Brown v. Kinney Shoe Corp.*, 237 F.3d 556 (5th Cir. 2001) .................... 13

*Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489 (5th Cir. 2021) .................... 12

*Campbell v. City of San Antonio*, 43 F.3d 973 (5th Cir.1995) .................... 11

*Carlucci v. Chapa*, 884 F.3d 534 (5th Cir. 2018) .................... 12

*Carter v. Transp. Workers Union of Am. Local 556*, 353 F. Supp. 3d 556 (N.D. Tex. 2019) .................... 18

*Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558 (1990) .................... 4

*Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467 (5th Cir. 2016) .................... 12

*Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762 (5th Cir. 2019) ........................................ 12

*Conley v. Gibson*, 355 U.S. 41 (1957) .................................................................................... 11

*Cooper v. Dallas Police Ass'n*, 278 F. App'x 318 (5th Cir. 2008) ............................................ 17

*Decker v. Dunbar*, 633 F. Supp. 2d 317 (E.D. Tex. 2008), *aff'd* 358 F. Appx. 509, 2009 WL 5095139 (5th Cir. 2009), *cert. denied*, 562 U.S. 848 (2010) .................................................. 22

*DelCostello v. Teamsters*, 462 U.S. 151 (1983) ............................................................... 4, 6

*Dunn v. Folgers Coffee Co*., No. CV 21-1452, 2022 WL 226333 (E.D. La. Jan. 26, 2022)........ 17

*Escamilla v. United Food & Commercial Workers Int'l Union AFL-CIO CLC Local No. 514T*, 209 F. Supp. 2d 653 (N.D. Tex. 2002) ..................................................................................... 5

*Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572 (Tex. 2017) .................................................. 16

*Felton v. Polles*, 315 F.3d 470 (5th Cir. 2002) ......................................................................... 22

*Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993).................................... 11

*Foley v. Univ. of Houston Sys.*, 355 F.3d 333 (5th Cir. 2003).................................................... 22

*Gerhardt v. Air Transp. Loc. 557*, No. CIV.A. H-09-3314, 2011 WL 666500 (S.D. Tex. Feb. 14, 2011) ......................................................................................................................... 6

*Gonzales v. Gonzales*, 704 S.W.3d 54 (Tex. App.—Austin 2024, no pet.)................................ 20

*Green v. State Bar of Tex*., 27 F.3d 1083 (5th Cir. 1994)........................................................... 16

*Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992)........................................................... 11

*Hamilton v. DeJoy*, No. 1:23-CV-01045, 2024 WL 3540474 (W.D. Tex. July 16, 2024), *aff'd*, No. 24-50597, 2025 WL 25693 (5th Cir. Jan. 3, 2025).............................................................. 23

*Int'l Bhd. of Elec. Workers v. Foust*, 442 U.S. 42 (1979)........................................................... 18

*Jackson v. Cal-W. Packaging Corp*., 602 F.3d 374 (5th Cir. 2010)............................................ 12

*Jaubert v. Ohmstede, Ltd.*, 574 F. App'x 498 (5th Cir. 2014).................................................... 18

*Jones v. Robinson Prop. Grp. L.P.*, 427 F.3d 987 (5th Cir. 2005) .............................................. 16

*Kanida v. Gulf Coast Med. Personnel LP*, 363 F.3d 568 (5th Cir. 2004) .................................. 13

*Knight v. Am. Bankers Ins. Co. of Fla.*, No. CV 23-4834, 2024 WL 3742689 (E.D. La. Aug. 7, 2024). ..................................................................................................................... 21

*Krim v. pcOrder.com, Inc*., 402 F.3d 489 (5th Cir.2005) .......... 4

*Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921 (5th Cir. 1988).......... 11

*Martin v. Transp. Workers Union of Am., Loc. 556*, 206 F. Supp. 3d 1227 (N.D. Tex. 2016), *aff'd sub nom. Martin v. Loc. 556, Transp. Workers Union of Am*., 708 F. App'x 171 (5th Cir. 2017) .......... 18

*Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co*., 195 F.3d 765 (5th Cir. 1999).......... 7, 23

*McCoy v. City of Shreveport*, 492 F.3d 551 (5th Cir. 2007).......... 13

*McGuire v. Sigma Coatings, Inc*., 48 F.3d 902 (5th Cir.1995).......... 8

*Medina v. Ramsey Steel Co*., 238 F.3d 674 (5th Cir. 2001).......... 22

*Miranda v. Nat'l Postal Mail*, 219 F. App'x 340 (5th Cir. 2007). .......... 6

*Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629 (Tex. 2012) .......... 13, 15

*Moore v. Gen. Motors LLC*, No. 4:25-CV-616-P, 2025 WL 4084036 (N.D. Tex. Dec. 16, 2025), rep. and rec. adopted, 2026 WL 211144 (N.D. Tex. Jan. 27, 2026).......... 13

*Murray v. Amoco Oil Co*., 539 F.2d 1385 (5th Cir. 1976).......... 11

*Perez v. Physician Assistant Bd*., 765 F. App'x 960 (5th Cir. 2019) .......... 17

*Raj v. Louisiana State Univ*., 714 F.3d 322 (5th Cir. 2013) .......... 12, 13

*Ramming v. U.S.*, 281 F.3d 158 (5th Cir. 2001) .......... 4

*Richardson v. United Steelworkers of Am.*, 864 F.2d 1162 (5th Cir. 1989) .......... 6

*Saunders v. Hous. Foam Plastics*, No. SA-23-CV-00156-XR, 2023 WL 3313118 (W.D. Tex. May 5, 2023).......... 15

*Sellers v. Houston Area Women's Ctr.*, No. H-25-4445, 2026 WL 1363155 (S.D. Tex. May 15, 2026) .......... 13

*Simmons v. Loc. 565 Air Transp. Div. Transp. Workers Union of Am. AFL-CIO*, No. 3:09-CV-1181-B, 2010 WL 4314074 (N.D. Tex. Oct. 25, 2010).......... 6

*Simms v. Local 1752, Int'l Longshoremen's Ass'n*, 838 F. 3d 613 (5th Cir. 2016).......... 18

*Sinyard v. Foote & Davies Div. of McCall Corp.*, 577 F.2d 943 (5th Cir. 1978).......... 20

*Smith v. Amedisys Inc*., 298 F.3d 434 (5th Cir. 2002) .......... 22

*Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886 (N.D. Tex. May 23, 2013) .......... 12

*Smith v. Int'l Org. of Masters, Mates & Pilots*, 296 F.3d 380 (5th Cir. 2002) .......... 6

*Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863 (5th Cir. 2000) .......... 7, 23

*Texas Dep't of Transp. v. Lara*, 625 S.W.3d 46 (Tex. 2021) .......... 15

*Thomas v. Grundfos, CBS*, No. 4:18-CV-0557, 2019 WL 7838172 (S.D. Tex. Sept. 20, 2019), rep. and rec. adopted, No. CV H-18-557, 2020 WL 553665 (S.D. Tex. Feb. 4, 2020), aff'd No. 20-20505, 2021 WL 4693055 (5th Cir. Oct. 7, 2021) .......... 22

*Thompson v. Microsoft Corp.*, 2 F.4th 460 (5th Cir. 2021) .......... 14

*Turner v. Otis Elevator Co.*, No. 21-CV-00203 (SRN/ECW), 2022 WL 270885 (D. Minn. Jan. 28, 2022) .......... 14

*Union Pac. R.R. Co. v. Loa*, 153 S.W.3d 162 (Tex. App.—El Paso 2004, no pet.) .......... 19

*United States v. Woods*, 870 F.2d 285 (5th Cir. 1989) (per curiam) .......... 12

*Univ. of Texas Health Sci. Ctr. at Tyler v. Nawab*, 528 S.W.3d 631 (Tex. App.—Texarkana 2017, pet. denied) .......... 14

*Vaca v. Sipes*, 386 U.S. 171 (1967) .......... 18

*Walker v. Performance Food Group, Inc.*, No. 1:25-CV-469-ADA-SH, 2025 WL 2740404 (W.D. Tex. Aug. 29, 2025), rep. and rec. adopted, 2025 WL 27353610 (W.D. Tex. Sept. 25, 2025) .......... 13

*Washington v. Nat'l Postal Mail Handlers Union Local 311*, No. 4:11-CV-098-A, 2012 WL 646354 (N.D. Tex. Feb. 28, 2012) .......... 23

*White v. Anchor Motor Freight, Inc.*, 899 F.2d 555 (6th Cir. 1990) .......... 5

*Williams v. City of Dallas*, 53 S.W.3d 780 (Tex. App.—Dallas 2001, no pet.) .......... 19

*Williams v. Cytec Indus., Inc.*, No. Civ.A. 04-761, 2005 WL 94858 (E.D. La. Jan. 14, 2005) .......... 5

*Young v. Teamsters 767*, No. 3:23-cv-1690-S-BN, 2024 WL 2334623 (N.D. Tex. Apr. 23, 2024) .......... 12, 13, 14, 15

**Statutes**

28 U.S.C. § 1367(c)(3) .......... 17

42 U.S.C. § 1981 .......... passim

Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. .......................... passim

Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. .................................. passim

Fair Labor Standards Act of 1938, 29 U.S.C. § 203 ............................................................ 2, 21

Family and Medical Leave Act, 29 U.S.C. §§ 2601–2654 .................................................... 2, 21

Labor Management Relations Act of 1947, 29 U.S.C. § 141 ........................................... 6, 18, 23

Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 401, et seq. ............. 2, 18

National Labor Relations Act, 29 U.S.C. §§ 151-169 .......................................................... 2, 18

Tex. Bus. Orgs. Code Ann. § 252.013 ....................................................................................... 9

Tex. Code Crim. Proc. Ann. art. 7B.001(a) .............................................................................. 21

Tex. Fam. Code Ann. § 81.001 ................................................................................................. 21

Tex. Labor Code Ann. § 21.055 ............................................................................................... 17

Texas Commission on Human Rights Act, Tex. Labor Code Ann. Ch. 21 ................................... 2

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ................................. passim

Title XVI—Supplemental Security Income for the Aged, Blind and Disabled, 42 U.S.C. §§ 1381–1383f ......................................................................................................... 3, 21

**Rules**

Fed. R. Civ. P. 12(b)(1) ........................................................................................................ passim

Fed. R. Civ. P. 12(b)(4) ..................................................................................................... 1, 3, 7, 8

Fed. R. Civ. P. 12(b)(5) ..................................................................................................... 1, 3, 7, 8

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 1, 3, 5, 11

Fed. R. Civ. P. 12(e) .................................................................................................................... 3

Fed. R. Civ. P. 4(e)(1) ............................................................................................................. 8, 9

Fed. R. Civ. P. 4(h) ...................................................................................................................... 8

Tex. R. Civ. P. 106 ....................................................................................................................... 9

**Treatises**

WRIGHT & MILLER ET AL., FEDERAL PRACTICE & PROCEDURE, CIVIL (4th ed.) ............................ 8

COME NOW Defendants Southwest Regional Joint Board, Jean Harvey, Workers United and Lynne Fox (collectively "Defendants" or "Union Defendants") and respectfully file this Motion to Dismiss pursuant to Rules 12(b)(1), 12(b)(4), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure and would show as follows.

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

The Plaintiff, an employee formerly represented by the Southwest Regional Joint Board, a labor union, sues the Union and one of its representatives, alleging discrimination and a failure of the Union's duty of fair representation ("DFR"). The Plaintiff also sues the international union and one of its representatives. The Court should dismiss the claims because the Plaintiff has failed to join his former employer in this litigation or to allege that the employer breached its collective bargaining agreement with the Union. Additionally, the Plaintiff filed this claim after the six-month limitations period expired. Furthermore, the claims against Defendants Workers United, Jean Hervey and Lynn Fox must be dismissed because the Plaintiff has not properly served these defendants. Moreover, the Plaintiff has failed to plead plausible facts to state claims against any defendant. Additionally, most of the causes of action the Plaintiff asserts do not give rise to individual liability, so the claims against Hervey and Fox must be dismissed. Deference to *pro se* litigants does not save the fatal flaws in the Plaintiff's complaint. Because some of the failures cannot be remedied by repleading and because the Plaintiff has already received and taken another opportunity to replead, the dismissal must be with prejudice.

## II. ISSUES PRESENTED

The motions present the following issues:

- Should the DFR claims be dismissed where the Plaintiff did not sue his former employer and did not allege that the employer breached the collective bargaining

agreement with the Union?

- Should the DFR claims be dismissed where the Plaintiff did not file suit prior to the expiration of the six-month limitations period?
- Should all claims against Defendants Jean Hervey, Workers United and Lynne Fox be dismissed where service has not been effectuated on them?
- Should all claims against all Defendants be dismissed where the Plaintiff has not alleged sufficient facts to plead plausible causes of action and where he has made no allegations against Workers United or Lynn Fox?
- Should the claims against Hervey and Fox be dismissed where the causes of action that the Plaintiff asserts do not give rise to individual liability?

## III. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jerald Deon Coney (hereinafter "Plaintiff" or "Coney") brings claims against Defendants Southwest Regional Joint Board and Workers United.[1] Coney appears to sue under Title VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act and 42 U.S.C. § 1981 and Chapter 21 of the Texas Labor Code (the Texas Commission on Human Rights Act). Amd. Complt. (Doc. 24) at 1. Coney appears to sue for wrongful termination, intentional and reckless infliction of emotional distress, employment discrimination, harassment, hostile work environment, failure to prevent discrimination and harassment, constructive termination, breach of contract, failure of duty of representation and retaliation. *Id.* at 1, 2 & 16.[2] The Plaintiff alleges

[1] It is unclear whether the Plaintiff brings claims against Jean Hervey (identified as "Jene") and Lynne Fox. The Plaintiff lists Ms. Fox in the case caption, but makes no factual allegations against either individual, other than naming them on exhibits. See Amd. Complt. (Doc. 24). at 1, 20, Ex. G, Ex. I & Ex. K.

[2] The Plaintiff's Original Complaint also cited to the Labor Management Reporting and Disclosure Act and the National Labor Relations Act, reference to those statutes is absent in the Amended Complaint. See Orig. Complt. at 3. The Original Complaint also mentioned other contract, contract product liability, franchise, assault, libel & slander, other personal injury, personal injury, medical malpractice, personal injury, product liability, other civil rights, employment, ADA/employment, ADA/other, FLSA, Labor/Management relations, FMLA, other labor litigation and

that his former employer, TJX Companies ("TJX"), subjected him to unfair and unequal enforcement of workplace rules, disciplined him, and terminated him while on approved medical leave. *Id*. at 5–15 (¶¶ 22–63). The Plaintiff complains of his Union representative's attitude and the quality of his representation at grievance meetings. *Id*. at 15 ¶¶ 64–65. The Plaintiff alleges that "Defendant (JADE CASEY)" took adverse employment actions against him, in apparent retaliation for Plaintiff engaging in protected activity. *Id*. at 16 ¶¶ 70–71. Finally, the Plaintiff alleges constructive termination. *Id*. at 17 ¶ 76.

The Plaintiff filed his original complaint on June 11, 2026. Doc. 1. On August 6, 2026, Defendants filed a Motion to Dismiss pursuant to Rules 12(b)(1), 12(b)(4), 12(b)(5) and 12(b)(6), and a Motion for a More Definite Statement pursuant to Rule 12(e). Doc. 19. On August 11, 2026, the Plaintiff filed responses to Defendants' motions. Docs. 21 & 22. On the same day, the Court ordered the Plaintiff to amend his complaint. Doc. 23. The Plaintiff filed an Amended Complaint on August 17, 2026, and a second Amended Complaint on August 26, 2026. Docs. 24 & 27. The Court struck and unfiled the second Amended Complaint on August 26, 2026. Doc. 28. The Plaintiff filed a Motion for Leave to File an Amended Complaint on August 28, 2026, which remains pending. Doc. 29.

## IV. <u>ARGUMENT AND AUTHORITIES</u>

This section lays out the legal standards governing motions to dismiss pursuant to Rules 12(b)(1), 12(b)(4), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. After laying out the applicable legal standards, this section applies those standards to the facts before the Court.

---

SSID Title XVI. Orig. Compl. at 3 & 6. Aside from contract, civil rights and ADA claims, it does not appear that the Plaintiff advances any of these claims.

### A. The Court Must Dismiss the Complaint Because the Plaintiff Has Not Alleged a Breach of the Collective Bargaining Agreement by His Employer and His Claim is Time-Barred

The Court must have subject-matter jurisdiction over a claim. A defendant may challenge a court's jurisdiction by filing a motion to dismiss under Rule 12(b)(1). This section explains the standard for such motions, as well as the requirements for invoking the Court's jurisdiction on a claim alleging a breach of a union's duty of fair representation.

#### 1. Legal Standards for Motions to Dismiss Under Rule 12(b)(1)

A court must dismiss a claim when the court does not have jurisdiction over the claim. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Ayanbadejo v. Chertoff*, 462 F. Supp. 2d 736, 740 (S.D. Tex. 2006) (citing *Krim v. pcOrder.com, Inc*., 402 F.3d 489, 494 (5th Cir.2005)), *rev'd in part*, 517 F.3d 273 (5th Cir. 2008). The plaintiff, as the party asserting jurisdiction, bears the burden to overcome a motion to dismiss under Rule 12(b)(1). *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).

#### 2. A Plaintiff Alleging a DFR Breach Must Sue the Employer for CBA breach

Where a union member alleges that he was unlawfully discharged by his employer and that his union breached the duty of fair representation, the employee must demonstrate that the employer violated a collective bargaining agreement in discharging the employee in order to succeed in a claim against the employer, the union or both. "Whether the employee sues both the labor union and the employer or only one of those entities, he must prove the same two facts to recover money damages: that the employer's action violated the terms of the collective-bargaining agreement and that the union breached its duty of fair representation." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) (*citing DelCostello v. Teamsters*, 462 U.S. 151, 164-165 (1983)). *See also Williams v. Cytec Indus., Inc.*, No. Civ.A. 04-761, 2005 WL

94858, at *10-*11 (E.D. La. Jan. 14, 2005) (stating that employee must prove breach of collective bargaining agreement and of duty of fair representation). In a "hybrid claim" alleging that the employer's discharge of the employee violated a collective bargaining agreement and that the union breached its duty of fair representation, "the two constituent claims . . . are interdependent; if the first claim anchored in the employer's alleged breach of the collective bargaining agreement fails, then the breach of duty of fair representation claim against the union must necessarily fail with it." *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559 (6th Cir. 1990) (affirming directed verdict against employee alleging breach of duty of fair representation). A DFR plaintiff must also establish he exhausted the remedies under the applicable CBA. *Escamilla v. United Food & Commercial Workers Int'l Union AFL-CIO CLC Local No. 514T*, 209 F. Supp. 2d 653, 657 (N.D. Tex. 2002).

Here, the Plaintiff has neither sued the employer in this lawsuit nor alleged the employer breached the CBA.[3] The Plaintiff has sued his former employer in case 4:26-cv-00318-O-BP. Exhibit 1.[4] While the Plaintiff references the CBA in both cases, he does not allege in either case that the employer violated the CBA. Amd. Complt. at 10 ¶¶ 42 & 45, 20, Ex. G.[5]

---

[3] While the Amended Complaint has multiple references to TJX as a defendant, this appears to be a clerical error. The Plaintiff did not include TJX in the case caption, and the Plaintiff has not requested that a summons be issued naming TJX as a defendant in this matter. See Doc. 24-1, 32, 32-1 (Plaintiff's requests for issuance of summonses to Defendants Southwest Regional Joint Board and Lynne Fox). The Plaintiff's proposed Second Amended Complaint states the litigation "arises from an employment relationship" between Plaintiff and the Southwest Regional Joint Board. Doc. 29-1 at 2 ¶ 1. While that is not the operative complaint in this litigation, a review of the rest of the proposed Second Amendment Complaint reveals it is nearly identical to the operative complaint, and that the employment relationship was between the Plaintiff and TJX, not the Union Defendants.

[4] In considering a 12(b)(6) motion, the Court may take judicial notice of public records whose authenticity is not disputed. *Spears*, 2014 WL 2730407 at *5; *Tucker*, 2013 WL 1588067 at *6.

[5] The Amended Complaint comes closest in its single mention of "breech [*sic*] of contract" on its cover page. Amd. Compt. (Doc. 24) at 1. However, the Plaintiff alleges no facts to support such a claim. The Plaintiff's proposed Second Amended Complaint references the CBA, alleging that his first write-up was before the CBA contract was signed. Doc. 29-1 at 3 ¶ 6. This is not the operative complaint, and this allegation is that the employer's discipline of him *predated* the CBA. This is not an allegation that the employer *breached* the CBA, which, under his theory, did not exist at the time of the writeup. In any event, while the Plaintiff alleges he exhausted EEOC remedies, he has failed to allege that he exhausted the remedies available under the CBA, as required by DFR case law. Amd. Complt. (Doc.

Because the Plaintiff has not joined the employer in this litigation and does not allege that his employer violated the CBA, the Plaintiff has not invoked the Court's jurisdiction, and the Court must dismiss his complaint pursuant to Rule 12(b)(1).

3. <u>Statute of Limitations for DFR claim</u>

The statute of limitations for asserting a claim of breach of duty of fair representation under the LMRA expires six months after the alleged breach. *DelCostello*, 462 U.S. at 169-72 (applying LMRA's six-month statute of limitations for unfair labor practice claims in a duty of fair representation case); *Miranda v. Nat'l Postal Mail*, 219 F. App'x 340, 345 (5th Cir. 2007).; *Smith v. Int'l Org. of Masters, Mates & Pilots*, 296 F.3d 380, 382-83 (5th Cir. 2002); *Barrett v. Ebasco Constructors, Inc.*, 868 F.2d 170, 171 (5th Cir. 1989); *Richardson v. United Steelworkers of Am.*, 864 F.2d 1162, 1167 (5th Cir. 1989). "A cause of action under a duty of fair representation claim accrues when the union member knew or reasonably should have known that the breach occurred." *Gerhardt v. Air Transp. Loc. 557*, No. CIV.A. H-09-3314, 2011 WL 666500, at *3 (S.D. Tex. Feb. 14, 2011) (citing *Simmons v. Loc. 565 Air Transp. Div. Transp. Workers Union of Am. AFL-CIO*, No. 3:09-CV-1181-B, 2010 WL 4314074 at *3 (N.D. Tex. Oct. 25, 2010) and *Barrett*, 868 F.2d at 171).

The complaint alleges the following events as they relate to the Union Defendants: a Union representative was present when he received a write up on or about June 27, 2024; a Union rep told him in late June or early July 2024 that nobody had a "CBA handbook," his Union rep was unprofessional and the plaintiff was unhappy with his representation between August and November 2024 and he tried to contact Hervey, Fox and an SEIU investigator in April 2025 but received no response. Amd. Complt at 9 ¶ 38, 10 ¶ 45, 15 ¶¶ 64–66, 20, Exs. G, J and K. Thus, the

24) at 4 ¶ 16.

Plaintiff would have had to assert claims based on these events between December 2024 and October 2025.

The Plaintiff filed this lawsuit on June 11, 2026. Orig. Complt. (Doc. 1) at 1. Because the Plaintiff filed the complaint between eight and eighteen months after the six-month statute of limitations period, his duty of fair representation claims are time-barred and must be dismissed pursuant to Rule 12(b)(1) because the Court has no jurisdiction over them.[6] Because repleading would not allow the Plaintiff to overcome this flaw, the Court should dismiss his duty of fair representation with prejudice. *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999) (A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile); *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000) ("futility" means the amended complaint would fail to state a claim upon which relief could be granted) (collecting cases).

**B. The Court Must Dismiss the Claims Against Defendants Workers United, Hervey and Fox Due to Insufficient Service**[7]

Another requirement for the exercise of a court's jurisdiction over defendants is proper service. This section lays out the legal requirements for effectuating service on organizational and individual defendants and argues why the Plaintiff has not met such requirements as to Defendants Workers United, Hervey and Fox.

1. <u>Insufficient Service Under Rules 12(b)(4) and 12(b)(5)</u>

A court cannot exercise jurisdiction over a defendant who was not properly served.

[6] Even if an alleged breach premised on the Union's failure to respond to his April 2025 email did not accrue immediately, the Plaintiff waited nearly fourteen months to assert the claim.

[7] Defective service on Defendants Workers United, Jean Hervey and Lynne Fox excuses them from having to file an answer, as the Plaintiff has not invoked the Court's jurisdiction over them. However, they file the accompanying Motions to Dismiss (briefed herein) out of an abundance of caution.

*McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir.1995). To challenge the form of the summons, a defendant should file a motion to dismiss for insufficient process under Rule 12(b)(4). WRIGHT & MILLER ET AL., FEDERAL PRACTICE & PROCEDURE, CIVIL § 1353 at nn.4–6. (4th ed.). To challenge the method of service attempted by the plaintiff, the defendant should file a motion to dismiss for insufficient service under Rule 12(b)(5). *Id.* at nn.5–6. Because of confusion between the two insufficiencies, it is appropriate to present service issues under both Rule 12(b)(4) and 12(b)(5). *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 884 n.2 (8th Cir. 1996).

2. Service on an Association or on an Individual

The Federal Rules specify the procedures for effecting service on an entity:

> **Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant
>
> . . .

Fed. R. Civ. P. 4(h). In turn, Rule 4(e)(1), referenced above, states:

> **Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Texas law specifies the manner of service of process upon an unincorporated nonprofit association:

> SUMMONS AND COMPLAINT; SERVICE. (a) In an action or proceeding against a nonprofit association, a summons and complaint must be served on an agent authorized by appointment to receive service of process, an officer, a managing or general agent, or a person authorized to participate in the management of its affairs, in accordance with the Civil Practice and Remedies Code.

Tex. Bus. Orgs. Code Ann. § 252.013.

Texas law also states the manner of service of process upon an individual:

> (a) Unless the citation or court order otherwise directs, the citation must be served by:
>
> (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
>
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.
>
> . . .

Tex. R. Civ. P. 106.

3. <u>The Plaintiff Has Not Served Workers United, Jean Hervey or Lynne Fox</u>

The documents filed with the Court fail to show that the Plaintiff has effectuated service on Jean Hervey or on Lynne Fox via personal service, certified mail, at their usual place of abode with a resident of suitable age or via an agent. See Doc. 9 at 1 (alleging service on Southwest Regional Joint Board via "Gierdina Francis Comptroller"); 9-1 at 1 (alleging service on Workers

United SEIU Building Manager (Male, 55 Years Old, Caucasian, 5ft. 11in., Grey Hair, 200lbs.) who did not provide his name at 1800 Massachusetts Avenue Northwest, Washington, DC 20036); 13 at 1 (alleging service on "Anne Marie Zarendsd" at 22 South 22nd Street, Philadelphia, PA 19103); 14 at 1 (alleging "substitute service" on "Anne Marie Zarendsd" at 22 South 22nd Street, Philadelphia, PA 19103).

None of the certificates of service on file evidences that Defendants Jean Hervey or Lynne Fox have been served in one of the manners authorized by federal or state rule or statute. While one of the service documents alleges substituted service, such form of service requires strict compliance with Texas' substituted service rule, which has not been demonstrated here. *Ancrum v. Lyft, Inc.*, 722 F. Supp. 3d 642, 644 (N.D. Tex. 2024). Because the Plaintiff has not accomplished service on Defendants Hervey and Fox, the claims against them must be dismissed.

Likewise, the certificates of service do not show service on Defendant Workers United. The Plaintiff's original complaint names Workers United as a defendant, and lists its address as 22 South 22nd Street, in Philadelphia, PA. Orig. Compl. (Doc. 1) at 2.[8] However, certificates of service allege service on (1) "Giedrina Francis," (2) at an address in Washington DC, and (3) on "Anne Marie Zarendsd" (Docket entries 9, 9-1, 13 and 14). None of these allege service on an authorized agent or officer of Workers United and the claims against it, too, must be dismissed.

### C. The Court Must Dismiss the Complaint Because the Plaintiff Has Failed to Plead any Plausible Claims Against any Defendant

In addition to other requirements to invoke the Court's jurisdiction, the Plaintiff is required to state a valid claim for which relief can be granted. A defendant may challenge a plaintiff's

[8] The amended complaint continues to name Defendants in the case caption. Amd. Complt. (Doc. 24) at 1. However, it refers to Plaintiff's former employer, TJX and "DOES 1 through 25," as defendants. *Id*. at 2 ¶¶ 1–4. Out of an abundance of caution, Defendants assume Plaintiff has not voluntarily dismissed his claims against them.

failure to do so via a Rule 12(b)(6) motion. This section sets out the legal standards under Rule 12(b)(6) and demonstrates why the Plaintiff has failed to meet those requirements.

1. Rule 12(b)(6) Pleading Standards

The purpose of a Rule 12(b)(6) motion is to test the formal sufficiency of the statement of the claim for relief. See *Murray v. Amoco Oil Co*., 539 F.2d 1385, 1387 (5th Cir. 1976). The Rule 12(b)(6) motion only tests whether the claim has been adequately stated in the complaint. Thus, on a motion under Rule 12(b)(6), the Court's inquiry is limited to the content of the claim. *See Mahone v. Addicks Util. Dist. of Harris Cnty.*, 836 F.2d 921, 935 (5th Cir. 1988). On a Rule 12(b)(6) motion, the court must decide whether the facts alleged, if true, would entitle the plaintiff to some legal remedy. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal is proper if there is either: (1) "the lack of a cognizable legal theory" or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept*., 901 F.2d 696, 699 (9th Cir. 1988). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief, and the Court is not required to conjure up unpled allegations. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995).

Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. When plaintiffs "have not nudged their claims across the line from conceivable

to plausible, their complaint must be dismissed." *Id*. The "plausibility" standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotation marks and citation omitted). To meet this pleading standard, a complaint must state more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," and the court is not "bound to accept as true a legal conclusion couched as factual allegation." *Id*.

"To plausibly allege – and ultimately prove – claims under Title VII, the ADEA, and the ADA, [a plaintiff] must rely on direct evidence and/or proceed under a burden-shifting analysis." *Young v. Teamsters 767*, No. 3:23-cv-1690-S-BN, 2024 WL 2334623 at *3 (N.D. Tex. Apr. 23, 2024) (citing *Jackson v. Cal-W. Packaging Corp*., 602 F.3d 374, 377 (5th Cir. 2010)). Although a plaintiff need not establish a prima facie case at the pleading stage, the plaintiff must "plead sufficient facts on all of the ultimate elements of his claim to make his case plausible." *Id*. (citing *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) and *Raj v. Louisiana State Univ*., 714 F.3d 322, 331 (5th Cir. 2013), and quoting *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)).

2. Liberal Construction in Favor of *Pro Se* Litigants

"Pro se complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not require that the Court . . . create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

3. Pleading Requirements for Title VII Claims

The Plaintiff advances several related discrimination claims against the Union Defendants. This section discusses these related claims together.[9]

The prima facie elements of a Title VII discrimination claim are that a plaintiff

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*Young*, 2024 WL 2334623 at *4 (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007)). "[T]he 'ultimate question' in a Title VII disparate treatment claim remains 'whether a defendant took the adverse employment action against a plaintiff because of her protected status.'" *Raj*, 714 F.3d at 331 (quoting *Kanida v. Gulf Coast Med. Personnel LP*, 363 F.3d 568, 576 (5th Cir. 2004)). The elements are the same under state law. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 642 (Tex. 2012).

The elements of a Title VII hostile work environment harassment claim[10] against a Union require a plaintiff to show:

> (1) that he belongs to a protected group; (2) that he was subject to unwelcome harassment; (3) a causal nexus between the harassment and his membership in the protected group; (4) that the harassment affected a term, condition, or privilege of

[9] Texas' anti-discrimination law abrogates common law claims to the extent they are based on the same course of conduct as discrimination or retaliation claims. *Moore v. Gen. Motors LLC*, No. 4:25-CV-616-P, 2025 WL 4084036 at *8 (N.D. Tex. Dec. 16, 2025), rep. and rec. adopted, 2026 WL 211144 (N.D. Tex. Jan. 27, 2026); *Walker v. Performance Food Group, Inc*., No. 1:25-CV-469-ADA-SH, 2025 WL 2740404 at *2 (W.D. Tex. Aug. 29, 2025), rep. and rec. adopted, 2025 WL 27353610 (W.D. Tex. Sept. 25, 2025). Thus, Plaintiff's "wrongful termination" claim must be dismissed.

[10] Defendants can find no independent claim under Title VII for "failure to prevent discrimination and harassment." There is no such claim under Texas statutory or common law. *Sellers v. Houston Area Women's Ctr.*, No. H-25-4445, 2026 WL 1363155 at *10 (S.D. Tex. May 15, 2026). A "constructive discharge" resignation is actionable if the plaintiff establishes "that working conditions were so intolerable that a reasonable employee would feel compelled to resign." *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001) (citation omitted). Yet, "[c]onstructive discharge requires a greater degree of harassment than that required by a hostile environment claim." *Id.* (citation omitted). The Plaintiff did not resign; TJX fired him. Amd. Complt. (Doc. 24) at 14 ¶ 59. Because he cannot make a hostile environment claim, he likewise cannot make a constructive discharge claim. Therefore, these claims must be dismissed as well.

> employment; and (5) the Union knew or should have known of the harassment and failed to take proper remedial action.

*Turner v. Otis Elevator Co.*, No. 21-CV-00203 (SRN/ECW), 2022 WL 270885, at *9 (D. Minn. Jan. 28, 2022). Under state law, "[a] workplace environment is hostile when it is 'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment.'" *Univ. of Texas Health Sci. Ctr. at Tyler v. Nawab*, 528 S.W.3d 631, 641 (Tex. App.—Texarkana 2017, pet. denied) (quoting *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 771 (5th Cir. 2009)).

The Plaintiff does not cite to direct evidence of the Defendants' discrimination against him. Furthermore, while Plaintiff states he is a Black male, he fails to allege that Defendants treated him less favorably than other similarly situated individuals outside a protected group. He does not allege unwelcome harassment or that the Defendants knew or should have known of harassment and failed to take proper remedial action. The Plaintiff likewise has not alleged that Defendants took any action against him *because* of a protected status. While the Plaintiff's amended complaint arguably raises the specter of discrimination *by his employer*, he makes no such allegations against the Union Defendants. Therefore, the Plaintiff's Title VII race/national origin and gender claims and related state law claims must be dismissed.

4. <u>Pleading Requirements for ADA Claims</u>

Courts in the Fifth Circuit explain the elements and pleading requirements of ADA claims as follows:

> [T]o plead a plausible claim of ADA discrimination, a plaintiff must provide facts to support "(1) that he has a disability; (2) that he was qualified for the job; and (3) that he was subject to an adverse employment decision on account of his disability."

*Young*, 2024 WL 2334623 at *4 (quoting *Thompson v. Microsoft Corp.*, 2 F.4th 460, 470 (5th Cir. 2021)). Texas courts apply the same test under the Texas Labor Code. *Texas Dep't of Transp. v.*

*Lara*, 625 S.W.3d 46, 61 (Tex. 2021).

The Plaintiff has neither alleged that he has a disability, nor that the Defendants' actions were on account of his disability. Thus, the Plaintiff has failed to plead facts plausibly alleging a claim under the ADA or the disability anti-discrimination provisions of state law.

5. Pleading Requirements for an ADEA Claim[11]

The elements and pleading requirements for an ADEA claim are also well-established:

> As to a claim of age discrimination, "[t]he prima facie elements of a cause of action for violation of the ADEA are, the plaintiff: 1) is within the protected class; 2) is qualified for the position; 3) suffered an adverse employment decision; and 4) was replaced by someone younger or treated less favorably than similarly situated younger employees.

*Young*, 2024 WL 2334623 at *4 (quoting *Saunders v. Hous. Foam Plastics*, No. SA-23-CV-00156-XR, 2023 WL 3313118, at *5 (W.D. Tex. May 5, 2023)). The same standard applies under state law. *Mission CISD v. Garcia*, 372 S.W.3d at 642.

Coney has not alleged he is within the class protected by the ADEA nor that Defendants treated him less favorably than similarly situated younger employees. The Plaintiff has not pleaded a plausible ADEA claim.

6. Pleading Requirements for Claims Under 42 U.S.C. § 1981

The elements and pleading requirements of a claim under 42 U.S.C. § 1981 are also well established.

"Section 1981 provides that '[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts.'" *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (quoting 42 U.S.C. § 1981(a)).

[11] The Plaintiff's Amended Complaint does not include any allegations supporting an ADEA claim. The cover page of the Amended Complaint lists "ADEH," an apparent reference to ADEA. Out of an abundance of caution, the Defendants address the claim.

"'Make and enforce contracts' is defined as 'the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'" *Id*. (quoting 42 U.S.C. § 1981(b)). "To establish a § 1981 claim for contractual discrimination, Plaintiffs must allege that (1) they are members of a racial minority; (2) Defendants intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute . . . ." *Id*. (citing *Bellows v. Amoco Oil Co*., 118 F.3d 268, 274 (5th Cir. 1997); *Green v. State Bar of Tex*., 27 F.3d 1083, 1086 (5th Cir. 1994)). "The analysis of discrimination claims under § 1981 is identical to the analysis of Title VII claims." *Id*. (citing *Jones v. Robinson Prop. Grp. L.P*., 427 F.3d 987, 992 (5th Cir. 2005)).

As is the case with his Title VII claim, the Plaintiff has not alleged that Defendants intended to discriminate against him on the basis of race. The Plaintiff's complaint does not make a plausible claim under 42 U.S.C. § 1981.

7. Pleading Requirements for Retaliation Claims

The Plaintiff also advances a retaliation claim under Texas law. Amd. Complt. (Doc. 24) at 16–17.

A plaintiff's prima facie elements of a retaliation claim under state law are that "(1) [he] engaged in an activity protected by the [Texas Commission on Human Rights Act][;] (2) an adverse employment action occurred[;] and (3) there exists a causal link between the protected activity and the adverse action." *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 585 (Tex. 2017).

Here, while the Plaintiff alleges that he engaged in protected activity by complaining about his work supervisor, the Plaintiff states that he made those complaints to his *employer*, TJX. Amd. Complt. (Doc. 24) at 16 ¶ 70. He then alleges that his *work supervisor*, not any of the Union Defendants, took adverse action against him. *Id*. at 16 ¶ 71. The Plaintiff does not allege that the Union Defendants knew about his protected activity or caused any adverse employment actions.

He does not allege that any of the Union Defendants' actions against him were retaliatory. *See Cooper v. Dallas Police Ass'n*, 278 F. App'x 318, 320 (5th Cir. 2008) (finding that Union's denial of assistance was financial, not retaliatory); *Dunn v. Folgers Coffee Co*., No. CV 21-1452, 2022 WL 226333 at * 7 (E.D. La. Jan. 26, 2022) (finding no causal connection between discrimination reported to Union and employer's termination of employee).

Therefore, to the extent the Plaintiff asserts a claim of retaliation under Texas Labor Code Section 21.055, the claim must be dismissed.[12]

8. Pleading Requirements for Duty of Fair Representation Claims

The Plaintiff's Amended Complaint mentions "duty of representation" only once. Amd. Complt. (Doc. 24) at 1. Thus, it is not clear that the Plaintiff continues to pursue this claim. The Defendants continue to address it out of an abundance of caution.

This Court has defined what Duty of Fair Representation claims require:

> "[I]n order to state a claim for breach of duty of fair representation, a complainant must allege enough facts that if presumed true, permit the inference that the complainant's exclusive bargaining agent acted arbitrarily, discriminatorily, or in bad faith in its representation of the complainant." . . .
>
> Under the arbitrary prong, a union's actions breach the duty of fair representation "only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." . . . The Fifth Circuit has conceded that the arbitrariness standard is difficult to define, but has stated that, to be non-arbitrary, a decision must be: "(1) based upon relevant, permissible union factors which excludes the possibility of it being based upon motivations such as personal animosity or political favoritism; (2) a rational result of the consideration of those factors; and (3) inclusive of a fair and impartial consideration of the interests of all employees." . . .
>
> A union also must treat its members similarly. . . . The kind of discriminatory action proscribed by the second prong is discriminatory action that is "invidious." . . .

[12] In the alternative, the Defendants respectfully request that, if the Court dismisses the Plaintiff's federal claims, it exercise its discretion and decline supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3); *Perez v. Physician Assistant Bd*., 765 F. App'x 960, 964 (5th Cir. 2019).

> As to the final prong, bad faith occurs when a union acts with a "motive to harm" a particular group, and turns on the subjective motivation of the union officials. . . . Bad faith is a "demanding standard" met only by "sufficiently egregious" union action. . . . Bad faith conduct has also been described by the Fifth Circuit as "the absence of honest purpose and judgment or the presence of hostility or discrimination" by the union.

*Carter v. Transp. Workers Union of Am. Local 556*, 353 F. Supp. 3d 556, 578–79 (N.D. Tex. 2019) (citations omitted). While the Amended Complaint is silent on the source of an alleged duty, the Original Complaint cited to the NLRA and LMRDA to support his fair-representation claims. Orig. Compl. (Doc. 1) at 3. The standard for all three claims is the same. *See Vaca v. Sipes*, 386 U.S. 171 (1967) (establishing the test under the NLRA); *Simms v. Local 1752, Int'l Longshoremen's Ass'n*, 838 F. 3d 613 (5th Cir. 2016) (applying the test under the NLRA); *Jaubert v. Ohmstede, Ltd.*, 574 F. App'x 498 (5th Cir. 2014) (applying the test under the LMRA); *Martin v. Transp. Workers Union of Am., Loc. 556*, 206 F. Supp. 3d 1227 (N.D. Tex. 2016), *aff'd sub nom. Martin v. Loc. 556, Transp. Workers Union of Am.*, 708 F. App'x 171 (5th Cir. 2017) (applying the test under the LMRDA).[13] Punitive damages are not available pursuant to duty of fair representation claims. *Int'l Bhd. of Elec. Workers v. Foust*, 442 U.S. 42, 49–52 (1979).

All that Plaintiff alleges as it pertains to the Union Defendants is that an unnamed "Caucasian lady (Union rep)" was present when the employer disciplined him, that he asked the Union business agent for a "Union CBA handbook," that the agent told him one was not yet available, that the business agent had a "standoff, bias [*sic*] unprofessional attitude," and that the agent represented him "with prejudice" at grievance meetings. Amd. Complt. (Doc. 24) at 9 ¶ 38; 10 ¶ 45; 15 ¶ 65.

Even if the Plaintiff's DFR claims were not doomed due to his failure to join the employer,

[13] It is unclear whether the Plaintiff asserts a DFR claim under 42 U.S.C. § 1981. See Orig. Compl. (Doc. 1) at 3. Such a claim does not appear to exist. See section IV.C.6 for the elements of a § 1981 claim.

allege that it breached the CBA and meet the limitations period, he has also failed to meet the pleading requirements of such a claim. He has pled nothing but bare allegations and has not done enough to permit an inference that the Union acted arbitrarily, discriminatorily or in bad faith. An unnamed and unknown representative's presence at a disciplinary meeting, the unavailability of CBA handbooks, and the Plaintiff's perception of the business agent's demeanor and representations fail allege the Defendants acted arbitrarily, discriminatorily or in bad faith. There is no allegation of personal animosity, political favoritism or dissimilar treatment between Plaintiff and other members.

Because the Plaintiff's DFR claim is not plausible, it must be dismissed, along with his request for punitive damages pursuant to that claim.

9. Intentional or Reckless Infliction of Emotional Distress

The Plaintiff appears to assert a claim of intentional or reckless infliction of emotional distress. Amd. Complt. (Doc. 24) at 1 & 5.

The elements of a claim for intentional infliction of emotional distress[14] are as follows: "(i) the defendant acted intentionally or recklessly, (ii) the defendant's conduct was extreme and outrageous, (iii) the outrageous conduct caused the complainant emotional distress, and (iv) the emotional distress suffered was severe." *Williams v. City of Dallas*, 53 S.W.3d 780, 788–89 (Tex. App.—Dallas 2001, no pet.). "A defendant acts intentionally when he or she either desires to inflict emotional distress or knows that such distress is substantially certain to result from his or her conduct." *Union Pac. R.R. Co. v. Loa*, 153 S.W.3d 162, 170 (Tex. App.—El Paso 2004, no pet.). "An actor is reckless when he knows or has reason to know . . . of facts which create a high degree

[14] There appears to be no cause of action for "reckless infliction of emotional distress." Because a reckless state of mind is one of the elements of intentional infliction of emotional stress, the Defendants assume the Plaintiff intends to assert only that claim.

of risk of . . . harm to another, and deliberately proceeds to act, or fails to act, in conscious disregard of, or indifference to that risk." *Gonzales v. Gonzales*, 704 S.W.3d 54 at 72 (Tex. App.—Austin 2024, no pet.) (cleaned up). The second element is met only if "the conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*. at 67 (citation omitted).

The Plaintiff's Amended Complaint fails to allege that the Union Defendants or their representatives acted intentionally or recklessly for purposes of this claim. Additionally, he does not allege that any union representative subjected him to extreme and outrageous conduct. For these reasons, this claim against Defendants must be dismissed.[15]

10. Claims Against Workers United, Jean Hervey and Lynne Fox

All Plaintiff's claims against Defendants Workers United and Lynne Fox must also be dismissed.

Where a local union is in control of its affairs and international union is not involved in collective bargaining with the employer, the international union cannot be held jointly liable for statutory or DFR claims by an employee against the local union. *Sinyard v. Foote & Davies Div. of McCall Corp.*, 577 F.2d 943, 947–48 (5th Cir. 1978). *Cf. Alexander v. Int'l Union of Operating Eng'rs, AFL-CIO*, 624 F.2d 1235, 1241 (5th Cir. 1980) (affirming international union's joint liability for DFR breach where it directed the local union's actions giving rise to liability).

While the Plaintiff's complaint only makes reference to the "Union," the exhibits to his Amended Complaint make it clear that he was a member of the Southwest Regional Joint Board. See Amd. Complt. (Doc. 24) at Ex. B (Southwest Regional Joint Board grievance form); Ex. H

[15] As with the Plaintiff's state-law retaliation claim, the Defendants request that, in the alternative, if the Court dismisses the Plaintiff's federal claims, it decline to exercise supplemental jurisdiction over this state law claim.

(unsigned settlement agreement between Plaintiff, employer and Southwest Regional Joint Board).[16] He does not allege that he was a member of Workers United, and he does not make any allegations against Workers United or Fox, allege control by them over the Southwest Regional Joint Board or any involvement by them in the Plaintiff's allegations.[17] Thus, the Plaintiff has failed to make plausible claims against these defendants, and his claims against them must be dismissed.

11. Other Claims

To the extent that the Plaintiff asserts any additional claims checked on his civil cover sheet (breach of contract, other contract, contract product liability, franchise, assault, libel & slander, other personal injury, personal injury, medical malpractice, personal injury, product liability, other civil rights, employment, ADA/employment, ADA/other, FLSA, Labor/Management relations, FMLA, other labor litigation and SSID Title XVI), those claims must also be dismissed, as Plaintiff does not plead any facts supporting such claims. Orig. Complt. (Doc. 1) at 3 & 6. The Plaintiff has failed to make plausible claims, and those claims fail the 12(b)(6) standards.[18]

**D. The Court Must Dismiss the Claims Against Defendants Hervey and Fox Because None of Plaintiff's Causes of Action Impose Individual Liability**

This section explains that individual liability is unavailable for any of the causes of action that the Plaintiff asserts and argues that those claims against the individual defendants in this case should be dismissed.

---

[16] In ruling on a motion under Rule 12(b)(6), the Court may rely on the attachments to the complaint. *Knight v. Am. Bankers Ins. Co. of Fla.*, No. CV 23-4834, 2024 WL 3742689 at * 2 (E.D. La. Aug. 7, 2024).

[17] Although Workers United is affiliated with SEIU, and even though the Plaintiff attached an email from him to an SEIU email address (Amd. Complt. Doc. 24 at Ex. J), SEIU is not a defendant in this case.

[18] Additionally, his request for an "order of protection" should be dismissed. Amd. Complt. (Doc. 24) at 19 ¶ C. While such a remedy may be available under Texas law to victims of domestic violence or of certain crimes, Defendants are unable to find any such remedy in connection with the Plaintiff's claims. Tex. Fam. Code Ann. § 81.001; Tex. Code Crim. Proc. Ann. art. 7B.001(a).

1. Individual Liability Under Title VII, ADA, ADEA, Section 1981 and Labor Statutes

"Individuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 n.1 (5th Cir. 2003) (quoting *Smith v. Amedisys Inc.*, 298 F.3d 434, 448–49 (5th Cir. 2002)).

"[T]here is likewise no individual liability for claims of violations under the ADA." *Decker v. Dunbar*, 633 F. Supp. 2d 317, 357 (E.D. Tex. 2008), *aff'd* 358 F. Appx. 509, 2009 WL 5095139 (5th Cir. 2009), *cert. denied*, 562 U.S. 848 (2010).

"[I]ndividual liability is precluded under the ADEA, as it is under Title VII." *Boyd v. AT&T Mobility Servs. LLC*, No. 3:23-CV-2882-D-BK, 2024 WL 6049074, at *1 (N.D. Tex. Mar. 4, 2024), rep. and rec. adopted, No. 3:23-CV-2882-D, 2024 WL 6049073 (N.D. Tex. Mar. 26, 2024) (citing *Ackel* and *Medina v. Ramsey Steel Co*., 238 F.3d 674, 686 (5th Cir. 2001)).

Individual liability under 42 U.S.C. § 1981 "will lie against an individual defendant if that individual is 'essentially the same' as" the organizational defendant. *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 337 (5th Cir. 2003) (quoting *Felton v. Polles*, 315 F.3d 470 (5th Cir. 2002) for the proposition that liability against a government official could attach if the official was "essentially the same" as the governmental entity); *Thomas v. Grundfos, CBS*, No. 4:18-CV-0557, 2019 WL 7838172 at *1 (S.D. Tex. Sept. 20, 2019), rep. and rec. adopted, No. CV H-18-557, 2020 WL 553665 (S.D. Tex. Feb. 4, 2020), aff'd No. 20-20505, 2021 WL 4693055 (5th Cir. Oct. 7, 2021) (quoting *Foley* for the proposition that "[t]he Fifth Circuit has held that an individual may be liable under § 1981 if the individual is 'essentially the same' as the employer in exercising authority over the plaintiff.").

"[F]air representations claims must be pleaded against the labor organization, and not an individual representative." *Hamilton v. DeJoy*, No. 1:23-CV-01045, 2024 WL 3540474, at *7

(W.D. Tex. July 16, 2024), *aff'd*, No. 24-50597, 2025 WL 25693 (5th Cir. Jan. 3, 2025). "Under the LMRA, individual union officers and representatives are not personally liable for actions performed in their capacities as union officers, representatives, or members." *Washington v. Nat'l Postal Mail Handlers Union Local 311*, No. 4:11-CV-098-A, 2012 WL 646354, at *9 (N.D. Tex. Feb. 28, 2012) (citing *Atksinon v. Sinclair Refining Co*., 370 U.S. 238, 245 (1962)).

Because there is no individual liability under Title VII, the ADA, the ADEA, 42 U.S.C. § 1981, and duty of fair representation claims, those claims against individual Defendants Jean Hervey and Lynne Fox must be dismissed. The Plaintiff does not allege (nor could he) that Hervey or Fox are "essentially the same" as the organizational defendants for purposes of his 42 U.S.C. § 1981 claim. Because repleading would not allow the Plaintiff to overcome those obstacles, those claims must be dismissed with prejudice. *Martin's Herend Imports*, 195 F.3d at 771; *Stripling*, 234 F.3d at 872–73.

## V. CONCLUSION

WHEREFORE, the Defendants respectfully request that the Court grant their motion and dismiss the Plaintiff's amended complaint.

Respectfully submitted,

/s/ Manuel Quinto-Pozos

Manuel Quinto-Pozos
Texas Bar No. 24170459
Deats Durst & Owen PLLC
2901 Bee Caves Rd., Suite L
Austin, TX 78746
512-474-6200
512-474-7896 (fax)
mqp@ddollaw.com

James Sanford
Gillespie Sanford LLP
Texas State Bar Number: 24051289
4803 Gaston Ave.

Dallas, Texas 75246
Tel: 214.800.5111
Fax: 214.838.0001
jim@gillespiesanford.com

*Attorneys for Defendants Southwest Regional Joint Board and Jean Hervey*

Robert E. Bloch
Admitted Pro Hac Vice
Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, LLP
Illinois Bar Number: 6187400
8 South Michigan Avenue, 19th Floor
Chicago, IL 60603
Phone: 312-372-1361
Fax: 312-372-6599
rebloch@laboradvocates.com

James Sanford
Gillespie Sanford LLP
Texas State Bar Number: 24051289
4803 Gaston Ave.
Dallas, Texas 75246
Tel: 214.800.5111
Fax: 214.838.0001
jim@gillespiesanford.com

*Attorneys for Workers United and Lynne Fox*

**CERTIFICATE OF SERVICE**

I, the undersigned attorney for the Plaintiff, hereby certify that this document has been electronically served on the following on this 21st day of September, 2026.

Plaintiff Jerald Coney
jerryconey96@gmail.com

/s/ Manuel Quinto-Pozos
Manuel Quinto-Pozos