**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| JERALD DEON CONEY<br>Plaintiff<br><br>v.<br><br>WORKERS UNITED SOUTHWEST REGIONAL JOINT BOARD, et al.<br>Defendants | CIVIL ACTION NO. 4:26-cv-00713-P-BJ |

**PARTIES' JOINT REPORT ON CONSOLIDATION**

COME NOW Plaintiff Jerald Deon Coney and Defendants Southwest Regional Joint Board, Jean Hervey, Workers United and Lynne Fox and respectfully file this Joint Report on Consolidation and would show as follows:

1. The Court entered an order on September 17, 2026, that the parties confer and file a joint status report, stating "their position regarding joinder, consolidation, or other disposition of the two cases to avoid unnecessary cost and delay." (Doc. 33).

2. The Court's order cites the applicable standards:

> Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."
>
> > When considering whether consolidation is appropriate, the Court considers the following factors: (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is a risk of prejudice or confusion if the cases are consolidated, and if so, whether the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately.
>
> *Madison v. Health Care Services Corp.*, No. W-20-cv-00835-ADA-DTG, 2022 WL 22877790, at *1 (W.D. Tex. July 14, 2022) (citing in *Tex. Gen.*

> *Land Office v. Biden*, No. 6:21-CV-00052, 2021 WL 5588160, at *2 (S.D. Tex. Nov. 29, 2021).

Doc. 33 at 2.

3. The Plaintiff's position is that he agrees to consolidation and joinder to save confusion and delay and cut costs. Plaintiff's position is that it is critical that the evidence connected to the Employer and the Union be examined in one court so confusion of evidence is not a possibility and so that a potential jury may be given a full and whole picture.

4. The Defendants' position is as follows The cases have different defendants. Furthermore, the Defendants believe that Judge Cureton is already familiar with the issues presented in this case, specifically, the Plaintiff's claims and the Defendants' motion to dismiss for lack of jurisdiction and for failure to state a claim. The Plaintiff's case against the employer (4:26-cv-00318-O-BP, "the TJX case") does not present these issues. To the Defendants' understanding, there was and is no motion to dismiss in the TJX case, a scheduling order is already in place, and the parties are already conducting discovery. For these reasons, it is the Defendants' position that a decision on consolidation should be deferred until after the Court rules on their motions to dismiss. Following the Court's ruling on the motions to dismiss, the Defendants take no position on whether the cases should be consolidated or remain separate cases. However, if the cases are consolidated, the Defendants' position is that a scheduling order must be entered that gives Defendants sufficient time to conduct discovery and sets other appropriate deadlines.

5. Separately, the Defendants have also conferred with the Employer, and they understand that the Plaintiff and the Employer have submitted their own joint status report in the TJX case, stating that the Plaintiff and Employer both agree to consolidate the cases, with the Employer specifically stating that this case should be consolidated into the TJX case. The

Defendants understand that the Plaintiff and Employer communicated the Defendants' position, stated above, as part of their joint status report in the TJX case.

Respectfully submitted,

/s/ Jerald Deon Coney (with permission)
Jerald Deon Coney
5710 Red Cactus Ct
Arlington, Texas [76017]
(817) 680-0626
Email:jerryconeyg6@gmail.com

/s/ Manuel Quinto-Pozos
Manuel Quinto-Pozos
Texas Bar No. 24170459
Deats Durst & Owen PLLC
2901 Bee Caves Rd., Suite L
Austin, TX 78746
512-474-6200
512-474-7896 (fax)
mqp@ddollaw.com

James Sanford
Gillespie Sanford LLP
Texas State Bar Number: 24051289
4803 Gaston Ave.
Dallas, Texas 75246
Tel: 214.800.5111
Fax: 214.838.0001
jim@gillespiesanford.com

*Attorneys for Defendants Southwest Regional Joint Board and Jean Hervey*

Robert E. Bloch
Admitted Pro Hac Vice
Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich, LLP
Illinois Bar Number: 6187400
8 South Michigan Avenue, 19th Floor
Chicago, IL 60603
Phone: 312-372-1361
Fax: 312-372-6599
rebloch@laboradvocates.com

James Sanford
Gillespie Sanford LLP
Texas State Bar Number: 24051289
4803 Gaston Ave.
Dallas, Texas 75246
Tel: 214.800.5111
Fax: 214.838.0001

Case 4:26-cv-00713-P-BJ Document 42 Filed 10/01/26 Page 4 of 4 PageID 381

jim@gillespiesanford.com

*Attorneys for Workers United and Lynne Fox*

**CERTIFICATE OF SERVICE**

I, the undersigned attorney for the Plaintiff, hereby certify that this document has been electronically served on the following on this 28th day of September, 2026.

Plaintiff Jerald Coney
jerryconey96@gmail.com

/s/ Manuel Quinto-Pozos
Manuel Quinto-Pozos