IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JERALD DEON CONEY | § | |
| | § | |
| V. | § | ACTION NO. 4:26-CV-713-Y |
| | § | |
| WORKERS UNITED SOUTHWEST REGIONAL JOINT BOARD, ET AL. | § | |

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND DENYING DEFENDANTS' RENEWED MOTIONS TO DISMISS

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint (doc. 29). Also before the Court are Defendants' Renewed Motions to Dismiss (doc. 34). The Court has reviewed the relevant materials and will grant Plaintiff's motion for leave to amend; as a result, the Court will also deny as moot --but without prejudice--Defendants' motions to dismiss.

When a party has amended his pleading once as a matter of course, Rule 15 of the Federal Rules of Civil Procedure allows that party to "amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). The standard for granting leave is low: "The Court should freely give leave when justice so requires." *Id.* "A district court must possess a 'substantial reason' to deny a request for leave to amend" because "the language of [Rule 15] 'evinces a bias in favor of granting leave to amend.'" *Smith v. EMC Corp.*, 393 F.3d 590,

595 (5th Cir. 2004) (quoting *Lyn-lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)).

Courts examine "five considerations to determine whether to grant a party leave to amend a complaint: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *Id.* (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). "Absent such factors, the leave sought should, as the rules require, be freely given." *Edionwe v. Bailey*, 860 F.3d 287, 295 (5th Cir. 2017).

Here, the Court has assessed the relevant factors and determined that Rule 15 entitles Plaintiff to amend his complaint. The Court recognizes that Plaintiff, proceeding pro se, has not pled his case with art. However, given that Plaintiff's proposed second amended complaint is nearly identical to his first amended complaint, the Court is confident that Defendants will not suffer undue prejudice if the Court grants Plaintiff's motion.

Accordingly, the Court **GRANTS** Plaintiff's motion for leave to amend his complaint (doc. 29), **DEEMS** Plaintiff's second amended complaint as filed this day, and **DIRECTS** the clerk of the Court to docket Plaintiff's second amended complaint.

Further, the Court **DENIES WITHOUT PREJUDICE** Defendants' Renewed Motions to Dismiss (doc. 34) as moot.

Defendants must respond to Plaintiff's second amended complaint in accordance with the Federal Rules of Civil Procedure.

SIGNED November 12, 2026.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE